MAURICE P. GELLER, Respondent, *v.* MARTIN Tow and PROCTOR SECURITIES CORP., Appellants.

First Department, May 2, 1941.

*Maurice V. Seligson,* for the appellants.

*David Siskind* of counsel [*Morris Bailinson,* attorney], for the respondent.

CALLAHAN, J.   Plaintiff has been granted the right to an accounting based upon an agreement of joint venture made between himself and the individual defendant, Martin Tow, to carry on a finance business.   The corporate defendant was formed to conduct the business.

Tow agreed to and did advance various amounts of capital, and plaintiff agreed to and did perform certain services as general manager of the business.   Tow was to receive four per centum on the capital advanced, and plaintiff was to receive a like amount in lieu of salary.   Tow was the sole stockholder of the corporation. He agreed that the profits made by the corporation were to be divided fifty per centum to Tow, thirty-seven and one-half per centum to plaintiff, and the balance of twelve and one-half per centum to one of Tow's relatives.

The agreement of joint venture was oral, but was performed substantially in accordance with its tenor during the fiscal year from April 1, 1935, to March 31, 1936, and in the succeeding fiscal years down to 1938.

During the year 1938 a dispute arose concerning the method of accounting to be followed in ascertaining profits, as a result of which the following letter was addressed by plaintiff to Tow:

" NEW YORK, *August* 17, 1938.

"DEAR MARTIN:

" In order to eliminate future misunderstandings, I am pleased to confirm, by this letter, my willingness to continue with your company on the following conditions and remuneration: Salary Two Hundred Dollars per month, payable monthly.

" You being the sole stockholder of Proctor Securities Corp. distribution of the net profits at the end of each fiscal year, March 31st, shall be entirely at your discretion.

" With or without cause, you are at liberty to demand my resignation whenever you decide that my services with your company is [are] no longer required, and I shall render it [them] without any further compensation other than my monthly salary of $200 up to and including the time of my receiving formal notice from you requesting my resignation.

" Trusting that our cordial relations will continue in the future as in the past, I am

" Sincerely,
" MAURICE P. GELLER."

Plaintiff testified that the letter was drawn up by Tow and presented to plaintiff for his signature.

Further disputes arose after the letter was written, as a result of which plaintiff resigned as an officer and director of the corporate defendant as of November 30, 1938. At the time he resigned, plaintiff received $800, which he states was paid in consideration of his promise that during the remainder of the fiscal year he would hold himself in readiness to perform any services required of him by the corporate defendant in connection with business matters with which he was familiar. While defendants dispute this contention, we think that the evidence supports the finding of the trial court upholding plaintiff's version of the circumstances under which the $800 was paid.

The main question involved on this appeal is whether the letter of August 17, 1938, evidences a contract between the parties, and whether parol evidence was properly received concerning the plaintiff's right to receive profits during 1938.

The letter does not appear to be the complete contract of the parties, but merely a memorandum of some of the terms agreed on. Assuming that it was a complete contract, we find no violation of the parol evidence rule, because the letter was sufficiently ambiguous to permit the introduction of oral proof to explain its meaning. The second paragraph of the letter states that the distribution of net profits at the end of each fiscal year shall be entirely at the discretion of Tow. This provision related to future profits. Read in connection with that contained in the subsequent paragraph, to the effect that plaintiff was to tender his resignation without other compensation than his monthly salary up to the time of the request for resignation, it would create doubt as to whether the parties intended to exclude plaintiff's right to share in profits in a year in which he resigned. This was properly an issue of fact.

We agree with the finding of Special Term that the oral evidence, particularly the admissions made by the defendant Tow in his deposition *de bene esse*, show that the plaintiff's version as to what the actual agreement was on this score should be upheld. Tow testified that the discretion afforded him in the letter of August 17, 1938, concerning the distribution of profits, was intended to be the same as that which he had previously exercised. In other words, the earlier arrangement was to be continued in this respect.

He admitted that this meant that some distribution of profits was to be made, but claimed the parties agreed that profits distributed were to be considered a gratuity, and not distributable as a matter of right. Plaintiff claimed, on the other hand, that there had been an understanding that the discretion afforded Tow would merely permit him to fix the amount of reserve to be set up, etc., in ascertaining the sum to be distributed. This had been the practice followed in earlier years.

A construction of an agreement that results in placing one party at the mercy of the other is to be avoided if possible. (*Reliable Press, Inc.*, v. *Bristol Carpet Cleaning Co., Inc.*, 261 App. Div. 256; *Simon* v. *Etgen*, 213 N. Y. 589; *McAvoy* v. *Schramme*, 238 App. Div. 225; affd., 263 N. Y. 548.) In any event, plaintiff sufficiently established that no such situation was intended.

We think that judgment in favor of plaintiff directing an accounting was proper. We deem, however, that the accounting should have been limited to the period between April 1, 1938, and November 30, 1938. Plaintiff's right to profits would terminate when he resigned, instead of continuing to the end of the fiscal year as decreed at Special Term.

We find that Special Term did not err in awarding judgment against the individual defendant Tow. Plaintiff's testimony sufficiently showed that the promise of Tow was an original one, and, therefore, was not void under the Statute of Frauds. (Pers. Prop. Law, § 31, subd. 2.) Although plaintiff said Tow " guaranteed " that the corporation would pay the money, it is clear that the contract of joint venture was made with Tow.

Defendants also contend that the original agreement made in 1935 was void under subdivision 1 of section 31 of the Personal Property Law, in that by its terms it was not to be performed within one year from the making thereof. Assuming this to be true, the agreement of 1935 was fully performed. Thereafter the parties made new contracts from year to year for periods of one year from the date of making, which were within the limit fixed by the statute. Further, plaintiff fully performed the contract during 1938 up to the date of his resignation.

The judgment should be modified in accordance with the foregoing opinion, and as so modified affirmed, without costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Judgment unanimously modified in accordance with opinion and as so modified affirmed, without costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.