WILLIAM C. ROSENKRANZ, Appellant, *v.* SCHREIBER BREWING Co., INC., Respondent, Impleaded with Others.

Submitted December 2, 1941; decided January 15, 1942.

*Edwin J. Culligan* and *Stanley H. Montfort* for appellant. The evidence establishes that the agreement was authorized by the defendant brewing company. (*Harvey* v. *Morgan & Co.*, 2 N. Y. Supp. [2d] 520; *Wen Kroy Realty Co.* v. *Pub. Nat. Bank & Trust Co.*, 260 N. Y. 84; *Angerosa* v. *White Co.*, 248 App. Div. 425; 275 N. Y. 524; *Skutt, Inc.,* v. *Goodwin, Ltd.*, 251 App. Div. 84; *Hanover Bank* v. *American Dock & Trust Co.*, 148 N. Y. 612; *Raabe* v. *Squier*, 148 N. Y. 81; *Hastings* v. *B. L. Ins. Co.*, 138 N. Y. 473.) The agreement between the plaintiff and the defendant-respondent is valid and enforceable. (*White* v. *Rintoul*, 108 N. Y. 222; *Raabe* v. *Squier*, 148 N. Y. 81; *Voska, Foelsch & Sidlo, Inc.*, v. *Rutland*, 172 App. Div. 616; *Schwoerer & Sons, Inc.*, v. *Stone*, 130 App. Div. 769; 200 N. Y. 560; *R. & L. Co.* v. *Metz*, 165 App. Div. 533; 215 N. Y. 695; *Almond* v. *Hart*, 46 App. Div. 431; *Block* v. *Galitzka*, 114 App. Div. 799; *Mannetti* v. *Doege*, 48 App. Div. 567; *Desmond* v. *Schenck*, 36 App. Div. 317; *Davis* v. *Patrick*, 141 U. S. 479; *Emerson* v. *Slater*, 22 How. 28; *Pocket* v. *Almond*, 90 Vt. 10; *Kaupman* v. *Pittsburgh Contracting & Engineering Co.*, 316 Penn. St. 502; *Parisi* v. *Hubbard*, 226 App. Div. 280.)

*Joseph Swart, Edward L. Jellinek* and *C. F. Messinger* for respondent. There is no evidence of the existence of an agreement between plaintiff and the defendant brewing company. (*Blackwell* v. *Glidden Co.*, 208 App. Div. 317; 239 N. Y. 545; *Emerson Phonograph Co.* v. *Waterson*, 183

App. Div. 386; 228 N. Y. 583; *Conley* v. *Powell Corp.*, 212 App. Div. 324.) There is no evidence of authority from respondent to make the alleged agreement with the plaintiff. (*Wilson* v. *Kings Co. E. R. R. Co.*, 114 N. Y. 487; *Martin* v. *Niagara Falls Paper Mfg. Co.*, 122 N. Y. 165; *Berwin & Co.* v. *Hewitt Realty Co.*, 199 App. Div. 453; 235 N. Y. 608; *Churchill Grain & Seed Co.* v. *Buchman*, 204 App. Div. 30; *Jemison* v. *Citizens Savings Bank*, 122 N. Y. 135.) The alleged agreement between plaintiff and respondent, not being in writing, is void. (*Brown* v. *Weber*, 38 N. Y. 187; *White* v. *Rintoul*, 108 N. Y. 222; *Mallory* v. *Gillett*, 21 N. Y. 412; *Duffy* v. *Wunsch*, 42 N. Y. 243; *Booth* v. *Eighmie*, 60 N. Y. 238; *Mechanics & Traders Bank* v. *Stettheimer*, 116 App. Div. 198.) The alleged agreement was *ultra vires* and contrary to public policy. (*Bath Gas Light Co.* v. *Claffy*, 151 N. Y. 24; *Jemison* v. *Citizens Savings Bank*, 122 N. Y. 135; *Miller* v. *Ammon*, 145 U. S. 421.)

*Per Curiam.* Whether Rudulph had authority to commit the defendant brewing company to the engagement on which plaintiff sued, and whether this engagement was an original undertaking to indemnify the plaintiff against a default of Edgewater Island Park, Inc., or was a special promise to answer for such a default and hence was within the statute of frauds (Pers. Prop. Law, § 31, subd. 2; Cons. Laws, ch. 41), were questions of fact and were properly left to the jury. (See 1 Mechem on The Law of Agency [2d ed.], § 296; *Brown* v. *Weber*, 38 N. Y. 187; *Tighe* v. *Morrison*, 116 N. Y. 263.) The question whether the agency alleged by the plaintiff was opposed to public policy is not presented by this record.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., dissents and votes to affirm; LEWIS, J., taking no part.

Judgment accordingly.