James A. Roe, Jr., J.
This is a motion by the defendant Terry Contracting, Incorporated, hereinafter called Terry, to vacate a warrant of attachment.
The motion is denied.
An attachment should stand if the plaintiff’s affidavits made out a prima facie showing, entitling it to the attachment and should only be vacated if the defendant clearly indicates that the plaintiff must ultimately fail. (See Waterman-Bic Pen v. Waterman Pen Co., 8 A D 2d 378; Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071.) Upon a motion to vacate an attachment, the court should not attempt to decide in advance the merits of the controversy by vacating the attachment. (Bard-Parker Co. v. Dictograph Prods. Co., 258 App. Div. 638; see, also, Krellberg v. Gregory, 10 A D 2d 824.)
Thus, in the case at bar, the court cannot, without mating a premature determination, hold that sufficient payments were made to satisfy the debt covered by the written guarantees relied upon by the plaintiff which was incurred during the period from March 10, 1960, through September 20, 1960, since the ledger submitted herewith which the defendant Terry claims is evidence of such payment does not clearly show that the payments made were for the debt incurred during the afore-mentioned period.
Furthermore, it may be that the defendant Terry would be liable, as claimed by the plaintiff, pursuant to an alleged subsequent oral guarantee since if the promise bottoming the guarantee were original, the Statute of Frauds would not apply. (Bulkley v. Shaw, 289 N. Y. 133; Frosco Food Club Plan v. Dennison, 18 Misc 2d 241.) However, whether the promise was original or collateral is a question of fact to be resolved upon the trial. (Rosenkranz v. Schreiber Brewing Co., 287 N. Y. 322.) Finally, a determination as to whether or not the defendant Terry committed a fraud in incurring the contractual liability herein must await the trial since the Dun and Bradstreet report submitted by the plaintiff with respect to the defendant Terry’s financial condition, although compiled in 1962, concerned Terry’s financial condition since January, 1960, covering the period in which the alleged contractual liability was incurred.