CHARLES D. NEWTON, Respondent, v. FLOYD B. VAN INGEN, Appellant.

Fourth Department, June 25, 1964.

*Van Schaick, Woods, Strathman, Sturman & Constanza* (*Charles P. Maloney* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle* (*William H. Morris* of counsel), for respondent.

*Per Curiam.* Plaintiff is an attorney who performed legal services for Ralph and Gladys Dieter prior to July, 1960 in connection with hotel property owned by them on Conesus Lake. In July, 1960 defendant was the owner of three recorded mortgages executed by the Dieters which were liens against the property. On July 15, 1960, plaintiff, defendant and the Dieters agreed that the services rendered by plaintiff, and to be rendered by him in connection with an anticipated sale of the hotel premises, were worth $10,000, and a mortgage for that amount was delivered to plaintiff. This mortgage was not recorded.

When the sale of the property was not consummated, defendant began foreclosure proceedings in October, 1960 and filed a *lis pendens*; judgment of foreclosure was entered December 8, 1960 and advertising was commenced for sale of the premises on February 8, 1961.

About one week prior to the date of the sale, the Dieters, with the knowledge and approval of plaintiff, executed and delivered a deed to defendant, vesting him with title to the hotel property, it having been agreed by plaintiff, defendant and the Dieters that defendant would attempt to sell the property and, out of the proceeds of sale, would recoup the amount due him on his mortgage and expenses, pay plaintiff the $10,000 unpaid attorney's fees due from the Dieters, pay off other obligations of the Dieters and remit any balance to them. Plaintiff, on his part, stated that he would not record his mortgage or bring any action against the Dieters and repeated that he would complete the legal services incidental to the sale of the property. After several unsuccessful attempts to dispose of the premises, defendant ultimately sold it in December, 1962 for an amount which was insufficient to repay defendant the amount of his mortgages, interest and expenses and also to pay plaintiff his legal fees. After learning that defendant did not intend to pay plaintiff's claim, the latter brought an action against defendant based on an oral promise to pay the $10,000 owed by Ralph and Gladys Dieter for legal services rendered to them.

The alleged oral promise was " a special promise to answer for the debt, default or miscarriage of another person ". Such

a promise is unenforcible unless in writing (Personal Property Law, § 31), or unless there was a new consideration and beneficial interest moving to the promisor which created an independent personal obligation to pay, irrespective of the liability of the principal debtor — both of which are necessary to take a promise to answer for the debt of another out of the Statute of Frauds. (*White* v. *Rintoul*, 108 N. Y. 222; *Richardson Press* v. *Albright*, 224 N. Y. 497; *Witschard* v. *Brody & Sons*, 257 N. Y. 97; *Buckley* v. *Shaw*, 289 N. Y. 133.) We find no such proof in this case.

Forbearance to sue the original debtor is not such consideration as will make the oral promise of another enforcible. (*Atlantic Macaroni Co.* v. *Schiaffino*, 252 N. Y. 547.)

Likewise, no benefit accrued to defendant from the transfer of title and plaintiff's forbearance to record his mortgage in February, 1961. At the time these acts took place, defendant already had a superior interest in the property, created by his prior recorded mortgages, notice of pendency and judgment of foreclosure — all of which were accomplished before the end of 1960. The transaction among the parties was not to promote any interest or purpose of the defendant, who was to receive nothing beyond the amount due him, but was for the benefit of both the plaintiff and the Dieters if the property was sold for an amount greater than the Dieters' obligations to defendant.

In any event any finding that there was consideration beneficial to the defendant and that he became primarily liable, thereby assuming an independent duty to pay the $10,000 to plaintiff irrespective of the liability of the Dieters, would be against the weight of the evidence.

The judgment should be reversed and the complaint dismissed.

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Judgment and order unanimously reversed, on the law, with costs, and complaint dismissed, with costs.