Richard J. Cardamohe, J.
The defendant, Clarence Smith, has moved to dismiss the plaintiff’s complaint.
Smith was and still is a resident of the 'State of Pennsylvania. The plaintiff, Culkin, was the sole stockholder of Utica Uniform Company, Inc., whose principal place of business was located in Oneida County, New York. Utica Uniform Company, prior to February 11,1966, was indebted to the Marine Midland Trust Company of the Mohawk Valley in the sum of $75,000, as was the plaintiff, personally, by reason of having cosigned or indorsed the corporate promissory note guaranteeing payment of it.
In the month of January, 1966 the plaintiff was interested in selling her stock in Utica Uniform and Smith agreed to purchase it for the sum of $1 a share for 191 shares, or a total of $191. The plaintiff alleges in her complaint that in addition defendant Smith promised to cosign or indorse the $75,000 promissory note when it became due in February, 1966 and to relieve the plaintiff of her liability on it. Plaintiff’s complaint further alleges that following the purchase of the corporation by the defendant Smith the promissory note did come due and the *903 defendant Smith “ was so advised by the Marine Bank and Trust 'Company of the Mohawk Valley to whom defendant Smith had promised that he would co-sign and endorse same Smith who, according to the complaint, was then in the State of Pennsylvania advised the bank and the plaintiff that he could not come to Utica to cosign or indorse the note at that time and requested the plaintiff to cosign the note until he could be in Utica; thereafter the defendant Smith refused and failed to indorse or cosign the note when it came due and plaintiff has had to settle the note with the bank for the sum of $15,000. It is for this sum that the plaintiff has brought an action against the defendant.
In the answer which defendant interposed, he has set forth as a separate, affirmative defense the Statute of Frauds since the agreement alleged to have existed between the plaintiff and defendant was not in writing. The defendant also moved to dismiss the plaintiff’s complaint on the further ground that the court has no jurisdiction over 'Smith because he is a nonresident.
Section 5-701 of the General Obligations Law provides in substance that every agreement or promise or undertaking to answer for the debt or default of another person is void unless it or some note or memo of it is in writing and subscribed by the person to be charged therewith (subd. 2). The question here is whether Smith’s promise, assuming the same could be proven, is original or merely collateral. If it is original then the Statute of Frauds is no defense. It is to be regarded as original only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable. (Richardson Press v. Albright, 224 N. Y. 497 [1918].) The promise may still be collateral even though new consideration moves to the promisor and is of benefit to him. Even with these two things present, the question still remains whether the consideration is such that the promisor comes under an independent duty of payment irrespective of the liability of the principal debtor. (Bulkley v. Shaw, 289 N. Y. 133, 137 [1942], citing Richardson Press v. Albright, supra.) As stated in Williston, Contracts (Rev. ed., Vol. 2, § 475), “ The true test of the validity of a new oral promise should be: Is the new promisor a surety? ” In Williston’s view (§ 475), if as between the promisor (alleges to be Smith) and the original debtor (Culkin) the promisor is bound to pay, the debt is his own and the Statute of Frauds is no bar. On the other hand, if as between them the original debtor (Culkin) still ought to pay, the debt cannot be the promisor’s own, and *904 he should not be held to answer for the debt of another. Under those circumstances the Statute of Frauds is a bar unless the promise is expressed in writing.
Whether the agreement is in fact an original and absolute one to pay the debt or merely collateral is to be determined from the surrounding facts in order to ascertain the intention of the parties. This may be under some circumstances, a question of fact (Rosenkranz v. Schreiber Brewing Co., 287 N. Y. 322, 325 [1942].) Nevertheless, there is no evidence here that would warrant the conclusion that the alleged promisor Smith intended to assume the relationship of a primary debtor to the Marine Bank. Even the allegations of the plaintiff’s complaint allege merely that Smith was to cosign and indorse the note which Culkin had signed to the bank and upon which Culkin remained the principal obligor. Significant in this connection is the fact that Culkin settled and paid the obligation to the Marine Bank.
Frosco Food Club Plan v. Dennison (18 Misc 2d 241 [Sup. Ct., App. Term, 2d Dept., 1959]) is not to the contrary since there the court held that the evidence clearly indicated that the promisor bound himself as a principal debtor primarily liable for the obligation. Reeve v. Cromwell (227 App. Div. 32 [1st Dept., 1929]) is a case not within the Statute of Frauds since the action was upon a contract entered into by the defendants to reimburse plaintiff; not to answer for the debt or default of the plaintiff (p. 35).
Under some forms of suretyship contracts the surety’s liability to the creditor is secondarily accrued only after the principal obligor defaults. There are other suretyship relationships, which are of the type involved here, where the surety’s obligation may run directly to the creditor insofar as the creditor is concerned constituting a primary and absolute obligation, although the surety’s liability is equitably secondary to that of Ms principal (57 N. Y. Jur., Suretyship and Guaranty, § 2, pp. 182-183; Restatement, Security, § 82, Comment g). If the facts revealed that Smith, insofar as the bank was concerned, had a primary and absolute obligation to pay this note (even if, between Smith and Culkin, Smith’s liability to the bank was in equity secondary to that of Culkin) the Statute of Frauds would be no defense. Even though the complaint alleges a promise by Smith to the bank, there are no affidavits from bank officers or, indeed, any evidence whatsoever to indicate that such is the case. Consequently, as a matter of law there is no fact issue to be resolved on tMs motion. Where there is no such proof, the complaint should be dismissed. (Newton v. *905 Van Ingen, 21 A D 2d 425 [App. Div. 4th Dept., 1964], affd. 16 NY 2d 596 [1965].)
Defendant Smith has further moved to dismiss the complaint on the ground that the court lacks jurisdiction over him since he is a nonresident of the State of New York. Plaintiff alleges that CPLB 302 (subd. [a], par. 1) provides a basis of jurisdiction over nondomiciliaries if such nondomiciliary transacts any business within the State. Here the only transaction of business within this State was the purchase by the defendant Smith from the plaintiff Culkin of 191 shares of Utica Uniform Company stock. Such contact with this State does not constitute the “ purposeful actions ” sufficient to sustain jurisdiction. In Katz & Son Billiard Prods. v. Correale & Sons (26 A D 2d 52 [1st Dept., 1966]), affd. 20 N Y 2d 903 [1967]), a New York corporation manufactured billiard cues and sold the same to a New Jersey corporation who was its customer. It had been the practice of the parties, extending over many years, for an employee of the New Jersey firm to order the goods by telephone and have the plaintiff ship them to New Jersey by common carrier from the factory in New York. The court held (p. 53); “ These contacts with this State do not appear to constitute ‘ purposeful acts ’ here sufficient to sustain jurisdiction (Kramer v. Vogl, 17 N Y 2d 27 [1966]; McKee Elec. Co. v. Rauland-Borg Corp., 20 N Y 2d 377 [1967] .) As in McKee (supra) the contacts here were so infinitesimal that jurisdiction of the New York courts cannot be sustained.
The defendant Smith’s motion to dismiss the complaint is granted.