Harold Fertig, J.
This action was brought by the plaintiff corporation against the defendants to recover the balance due on a contract for certain work, labor and services. At the conclusion of the trial, on motion of the plaintiff, a second cause of action was pleaded alleging a guarantee by the defendants to pay for certain work to be performed by plaintiff. The defense of Statute of Frauds was interposed. The masonry work agreed upon was to be completed by the plaintiff for an agreed price of $40,500. In addition, certain extras were performed and billed at their fair and reasonable value, which together with the original contract price amounted to the total sum of $41,517.50. The plaintiffs were paid $38,537.50, leaving a balance due of $2,980.
*602 The issue before this court is whether the individual defendants in this action are the persons to whom this plaintiff could look for payment.
Prior to the negotiation of this contract this plaintiff had a course of dealings with these defendants as principals in a corporation known as Oakland Associates, Inc. It is the finding of this court that the plaintiff refused to enter into this new contract without some assurance of payment. Some time in December, 196-2 the parties met when the individual defendants assured the principals of the plaintiff corporation that in any new contract entered into between the parties, plaintiff would be paid. A question has been presented whether that assurance was in the form of a guarantee to pay for the debt of another which should have been in writing or was an original oral contract. At the time the parties entered into this understanding no mention was made which corporation, if any, was to build the dwellings on 201st Street, the contemplated job, nor was the owner of the property named. It later developed that the premises on which those dwellings were erected were owned by the I. J. B. Building Corp. Both Oakland Associates, Inc. and I. J. B. Building Corp. were corporations in which the individual defendants were substantially interested.
Subdivision 2 of section '5-701 of the General Obligations Law provides that any agreement to answer for the -debt of another must be in writing. It has long been .the law in this State that whether the assurance by an individual stockholder that a contractor would be paid, was a promise to answer for the debt or default of the corporation or an absolute promise to pay the plaintiff for the job, is a question of fact to be determined by the finder of the facts (Devlin v. Woodgate, 34 Barb. 252; Rosenkranz v. Schreiber Brewing Co., 287 N. Y. 322).
At the time the agreement was made there was no debt owing to the plaintiff, and the promise made by these defendants was in connection with a business proposition in which they had a pecuniary interest (Almond v. Hart, 46 App. Div. 431). The consideration for the agreement to see that this plaintiff was paid, was for the benefit of the defendants independent from any duty or irrespective of any liability of any prime debtor owning the property (Culkin v. Smith, 57 Misc 2d 901; Raabe v. Squier, 148 N. Y. 81, 87). There was no principal obligation to which this promise to pay could have been collateral with the result that the promise was original. The fact that later payments were made by the I. J. B. Building Corp. and the Wright Construction Company, Inc., did not prevent this plaintiff from later enforcing the agreement which it had with these defend *603 ants (Parisi v. Hubbard, 226 App. Div. 280; Desmond v. Schenck, 36 App. Div. 317).
A ease directly in point is that of Schwoerer & Sons v. Stone (130 App. Div. 796) where the plaintiff began work for a corporation ; refused to continue and was promised by the individual defendant that he would pay plaintiff. The plaintiff asked for a letter agreement and the defendant refused to furnish it but said, “ Go ahead and I will see that you get your money.” The plaintiff in that case received checks from corporations in which the individual defendant had an interest. It was held, under those circumstances, that the promise made by that defendant was founded upon new consideration which was work thereafter to be performed and materials thereafter to be furnished, and the individual promisor received a benefit by reason of his interest in the corporation.
This court finds a similar situation existed here. The promise that was made by these individuals was an independent contract made by them for their benefit by seeing that this plaintiff proceeded with the masonry work in the construction in which they had a beneficial interest. Plaintiff relied upon their promise to be responsible for the debt of another and did not come under the Statute of Frauds. Accordingly, judgment is granted to the plaintiff for the sum of $2,980, together with interest from the 1st day of January, 1965 and costs and disbursements.