J. Raymond Amyot, J.
Under subdivision (a) of section 630 of the Business Corporation Law the plaintiff in the primary action has sued the 10 largest shareholders of Randtech Corporation for $5,649.12 allegedly being unpaid wages earned by him while he was employed in this State by that domestic corporation from March, 1973 through August, 1974.
The third-party action is brought pursuant to Business Corporation Law (§ 630, subd [c]) for pro rata contribution among the 10 largest shareholders of the corporation, who, under the section, are liable for the unpaid wages.
The third-party defendants, Paul J. Hiles and Mary L. Hiles, were served with the third-party summons and complaint at their present residence in Terre Haute, Indiana. They now move to dismiss the third-party complaint on the sole ground that the court does not have personal jurisdiction over them. In opposition to the motion the third-party plaintiff relies on CPLR 302 (subd [a], par 1) which vests in the courts of this State personal jurisdiction over nondomiciliaries as to any cause of action arising out of any business transacted by them within this State.
There does not appear to be any question but that the plaintiff in the original action was employed by the corporation from March, 1973 through August, 1974 nor has it been *1086 denied that the third-party plaintiff and the third-party defendants are among the 10 largest shareholders of the corporation. It is further established from the papers submitted on the motion that sometime between March of 1973 and April of 1974, while they were residents of this State, the third-party defendants purchased 10,000 shares of the stock of the corporation and that sometime after April, 1974, while they were still owners of those shares, they moved from the State of New York and are presently residing in the State of Indiana.
The moving third-party defendants do not deny allegations set forth in the affidavits submitted in opposition, that after purchasing their stock they had full knowledge of the operation of the corporation; knew and had contacts with the officers and directors of the corporation; actively engaged in advising concerning the operation of the corporation and were still residents of the State of New York when the corporation became insolvent and thus unable to pay the plaintiff and other employees for wages earned while employed by the corporation.
Although normally defendants should be subject to suit in the jurisdiction of their residence or where their principal business activity is conducted (McKee Elec. Co. v RaulandBorg Corp., 20 NY2d 377, 383), nevertheless, "long-arm” service under CPLR 302 (subd [a], par 1) is available to obtain jurisdiction over these nondomiciled third-party defendants if the business transacted by them in this State was "purposeful activity” which gave rise to the cause of action sued on (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 456-457), even though they were domiciliaries of this State when the predicate business was transacted. (State of New York v Davies, 24 AD2d 240, affd 18 NY2d 950.)
The court concludes that the purchase of 10*000 shares of the New York corporation by New York residents, coupled with knowledge of and participation in the operation of the corporation, was "purposeful activity” under the circumstances here, especially when that stock purchase constituted the third-party defendants, as joint tenants, to be the largest shareholders in that corporation.
The more troublesome problem, however, is whether the cause of action sued on by this third-party plaintiff arises from business transacted within this State as required by CPLR 302 *1087 (subd [a]). For resolution of that inquiry consideration must be given to the purpose of the section of the Business Corporation Law which imposes liability for unpaid wages on the 10 largest shareholders. The section applies to corporations, the shares of which are not quoted over-the-counter or listed on a national exchange. In effect, it generally applies to small, closely held or even family corporations. The purchase by New York residents of the largest single block of the issued stock of such corporation must attach to the purchasers a knowledge of the liability which is imposed on such shareholders. To permit avoidance of that liability by escape to a foreign sanctuary would thwart the manifest purpose of section 630 of the Business Corporation Law which is, under subdivision (a) to insure payment of the workmen by the principal owners of local insolvent corporations (Lindsey v Winkler, 52 Misc 2d 1037) and under subdivision (c) to compel pro rata payment of the imposed liability among the 10 largest shareholders. That liability could not arise except for the acquisition of a sufficient number of shares to include the purchaser among the "ten largest shareholders.” One who purposely purchases such shares does so with knowledge of the consequences if the corporation defaults. He is subject to suit not only by unpaid employees of the defunct corporation, but also by his fellow responsible shareholders. He cannot escape his proportionate share of those responsibilities by leaving the State and thereby rendering ineffective the process which by CPLR 302 (subd [a], par 1) subjects him to local jurisdiction.
The authorities relied on most heavily by the third-party defendants, Culkin v Smith (57 Misc 2d 901), which involved a nonresident owner of $191 worth of stock of a New York corporation; Ferrante Equip. Co. v Lasker-Goldman Corp. (26 NY2d 280), which involved the nonresident sole stockholder of a foreign corporation doing business in this State; and Lynn v Cohen (359 F Supp 565), which deals with a nonresident partner in two New York limited partnerships, are readily distinguishable from the facts under consideration and are not controlling in the determination of the instant motion.
The motion is denied.