OPINION OF THE COURT
Leon D. Lazer, J.
In this action, the plaintiff, a doctor, seeks to recover from the defendant, a lawyer, the sum of $1,830 representing services rendered in treating a patient for injuries received in an automobile accident. The plaintiff also seeks to impose a constructive trust on undistributed proceeds of the settlement of the patient’s own action to recover for the injuries. According to the complaint, during the pendency of the patient’s lawsuit in which she was represented by the instant defendant, the latter repeatedly promised the plaintiff that the medical bill would be paid from the recovery proceeds and that he would have the patient execute and would return the "lien” which the plaintiff had forwarded. The case ultimately was settled for $15,000 from which, after payment of welfare liens, the patient received only $1,500, the defendant apparently received his legal fee, and the plaintiff received nothing. The defendant now moves to dismiss the complaint pursuant to CPLR 3211 and the plaintiff cross-moves for a deposition.
In his motion papers, the defendant contends that the current action is barred by the Statute of Frauds because it is based upon an alleged oral agreement to answer for the debt, *389 default, or miscarriage of another person, and there is no writing evidencing the agreement subscribed by the party to be charged (see General Obligations Law, § 5-701, subd a, par 2). The plaintiff responds that defendant’s promise that payment to the plaintiff would be made from recovery proceeds was either an independent one or it constituted a novation and hence it is enforceable even though not in writing. The facts of the case do not appear to be disputed.
The Statute of Frauds applies to a promise which is collateral or secondary and merely superadded to that of another, but it has no application to a promise which constitutes an original or primary obligation (see Bulkley v Shaw, 289 NY 133; Richardson Press v Albright, 224 NY 497; First Nat. Bank of Sing Sing v Chalmers, 144 NY 432; Geller v Tow, 261 App Div 773; Antonio Altimari, Inc. v Hochberg, 59 Misc 2d 601; Culkin v Smith, 57 Misc 2d 901; Terminello v Bleecker, 155 Misc 702; Block v Greenfield, 137 Misc 573). A novation constitutes an original obligation (Lebolt & Co. v Maloney, 241 App Div 98) because it is not an agreement to answer the debt of another but is a new and separate agreement in itself by virtue of which the old debt is extinguished (Miles v Houghtaling, 32 AD2d 714). Since the consideration for the new agreement is the discharge of the original obligation (Town & Country Linoleum & Carpet Co. v Welch, 56 AD2d 708), it is necessary that the original debt be completely extinguished and the debtor fully discharged at the time the promise is made (37 CJS, Statute of Frauds, § 25; see Schloss Bros. & Co. v Bennett, 260 NY 243; Claggett v Donaldson, 238 App Div 831, app dsmd 262 NY 697; Albert v Parking Stas, of N. Y., 235 App Div 682, affd 260 NY 532; Henderson v Sheppard, 231 App Div 610). The question always is whether the subsequent agreement, as a matter of intention express or implied, is a superceder of or substitution for the old agreement or whether it is merely an agreement to accept performance in futuro as future satisfaction of the old agreement (Goldbard v Empire State Mut. Life Ins. Co., 5 AD 2d 230; see Restatement 2d, Contracts [Rev T D, 1973], § 183 [comment]). There must have been a mutual agreement made among the parties to both the old and the new obligations whereby the new is substituted for the old (Brooklyn Packing Co. v Zasloff, 18 NYS2d 443).
Here the plaintiff asserts that the patient, who was indigent, instructed him to contact her attorney concerning the bill and that he thereafter looked solely to the defendant for remuneration. He does not assert, however, that he agreed *390 that the patient’s debt was extinguished at the time the defendant’s alleged promise was made or that there was a mutual agreement among all the parties that this be done. In fact, he relies in part upon the allegation that defendant promised to obtain a "lien” upon the proceeds which could obviously only have been executed by the client herself. Thus, plaintiff negatives any suggestion that by accepting defendant’s promise he intended to extinguish the original debt or to discharge the debtor.
Even if plaintiff could show that the defendant’s promise constituted an original promise, although not a novation, he would not prevail because there is no indication that there was any consideration for the promise (see Keybro Enterprises v Four Seasons Country Club Caterers, 25 AD2d 307; Newton v Van Ingen, 21 AD2d 425, affd 16 NY2d 596; see, also, Richardson Press v Albright, 224 NY 497, supra; Bulkley v Shaw, 289 NY 133, supra). To suffice to take a promise out of the Statute of Frauds, the new consideration must constitute a direct benefit to the promisor rather than merely a detriment to the promisee (Adams-Flanigan Co. v Kling, 234 NY 497, cert den 260 US 741; Becker v Krank, 62 App Div 514; Gibbs v Holden, 137 Misc 480, affd 237 App Div 862; Terminello v Bleecker, 155 Misc 702, supra; see Restatement 2d, Contracts [Rev T D, 1973], § 184). There is no evidence of any consideration flowing from the plaintiff to the defendant here which constituted a direct benefit to the defendant. Even if plaintiff had pleaded forebear anee to sue the original debtor, the allegation would not suffice as consideration which would remove the promise from the purview of the Statute of Frauds since it constitutes harm to the promisee rather than benefit to the promisor (Newton v Van Ingen, supra; Kahn v Naitove, 171 Misc 504; see Atlantic Macaroni Co. v Schiaffino, 252 NY 547; Carrolton Assoc. v Abrams, 57 Misc 2d 617; Mann v Ewing, 156 Misc 216).
 The fact that the alleged promise by defendant was to pay plaintiff out of funds in his hands belonging to his client rather than out of his own funds also does not take the promise out of the Statute of Frauds since it is not alleged that the money was deposited for the purpose of paying the plaintiff or that the debtor subsequently consented to such a payment (see 37 CJS, Statute of Frauds, § 18; Restatement 2d, Contracts [Rev T D, 1973], § 182; Restatement, Security, § 91). Where a promise to pay a debt of another is coextensive with *391 a pre-existing legal duty — e.g., a promise to the debtor to pay the promisee out of the debtor’s funds in the hands of the promisor — the promise is not within the statute even though payment will discharge the debt (see 2 Corbin, Contracts, § 363). Here plaintiff alleges in his complaint that his patient "informed” him that she was represented by the defendant’s law firm; in his affidavit he states that she gave him the business card of her lawyer and "advised [him] to be in touch with them regarding her bills.” He does not assert that she extracted a promise from the defendant to pay plaintiff out of the recovery funds or that she agreed to execute an assignment in plaintiffs favor. To the contrary, defendant asserts in his affidavit that his client refused to execute a "lien.”
Even if the defendant’s promise to obtain a "lien” is considered the basis for a separate cause of action, it lacks the consideration which would support it. Forebearance to sue without a request therefor is not sufficient (Strong v Sheffield, 144 NY 392) and in this case plaintiff never alleges or even implies that such a request was made of him by the defendant —in fact, he does not allege a personal conversation with the defendant with respect to a "lien”, but only contacts with "office.”
Neither the Statute of Frauds nor lack of consideration is a bar to recovery under the doctrine of promissory estoppel (see Ann. 56 ALR3d 1037; Ann. 48 ALR2d 1069; Restatement 2d, Contracts [Rev T D, 1973], §§90, 217A) and, although the defense is not pleaded by plaintiff in haec verba, he does assert that he "relied upon defendant’s assurances to his detriment.” However, he does not assert what "action or forebearance” was induced by the defendant’s promise (see Restatement 2d, Contracts [Rev T D, 1973], §§ x90, 217A), nor does he cite any authority indicating that the promissory estoppel doctrine is deemed applicable in New York in a situation such as this. The doctrine appears to have been applied in this State primarily to charitable subscriptions (Allegheny Coll, v National Chautauqua County Bank, 246 NY 369; Matter of Lord, 175 Misc 921), to marriage settlements (De Cicco v Schweizer, 221 NY 431), to promises to insure by gratuitous bailees (Siegel v Spear & Co., 234 NY 479) or gratuitous agents (see Spiegel v Metropolitan Life Ins. Co., 6 NY2d 91; Joseph, Inc. v Alberti, Carleton & Co., 225 App Div 115; Israelson v Williams, 166 App Div 25; cf. Thorene v Deas, *392 4 Johns 84). The instant case is not one which warrants enlarging the doctrine beyond the traditional parameters.
The Statute of Frauds does not prevent recognition of a constructive trust, but no such trust can exist here with respect to funds remaining for distribution, if any, since the necessary confidential or fiduciary relationship between the parties did not exist (see Sharp v Kosmalski, 40 NY2d 119; D’Aprile v Blythe, 53 AD2d 1059).
Thus, all roads lead to technical defeat for the plaintiff despite his undenied facutal claims. When dealing with impecunious patients under circumstances such as those described here, a doctor’s only practical protection is to obtain an assignment of the recovery proceeds, since an attorney who fails to honor the assignment of such proceeds to a physician will be personally liable to the physician (Brinkman v Moskowitz, 38 Misc 2d 950). It is likely that the unexecuted and unreturned "lien” referred to by the parties in the contending papers was such an assignment since there is no lien for medical services available to a doctor (Marsh v La Marco, 75 Misc 2d 139, affd 46 AD2d 888, affd 39 NY2d 397). If the facts recited here are true, they cannot help but contribute in their own small way to the sad deterioration of the relationship between two great and honorable professions.
The motion to dismiss the complaint is granted and the cross motion for an examination before trial is denied as moot.