■ STRUCTURAL CONCRETE CORPORATION, Respondent, v GEORGE CAMPBELL ASSOCIATES CORP., Appellant. [638 NYS2d 150] —In an action for money had and received, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 4, 1994, which, *inter alia,* denied its motion pursuant to CPLR 5015 (a) (2) to vacate a judgment of the same court, dated July 27, 1994.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were joint venturers on a variety of road and bridge projects throughout New York State. In 1992, a dispute arose between the parties concerning the amount of money each owed to the other pursuant to their numerous dealings and the plaintiff commenced this action for money had and received. Although the parties were able to settle their differences as to several projects before trial, they could not agree as to their respective obligations on a project identified as Orange County Project D500142. Accordingly, the parties stipulated to have the matter heard before a Judicial Hearing Officer. However, after one day of testimony, the matter was settled. After the settlement was reached, but before a judgment was entered thereon, the defendant discovered an agreement between the parties, dated October 29, 1986, wherein the defendant had, *inter alia,* agreed to advance $125,000 to the plaintiff to pay certain back taxes. After judgment was entered, the defendant, arguing, *inter alia,* that the agreement dated October 29, 1986, constituted "newly discovered evidence", moved to vacate the judgment pursuant to CPLR 5015. We now affirm the order denying that motion.

Pursuant to CPLR 5015 (a) (2), a party may be excused from a judgment on the grounds of "newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in

time to move for a new trial under [CPLR] 4404". However, in order to take advantage of this provision the moving party must prove that the evidence proffered could not have been discovered earlier through the exercise of due diligence *(see, Cornwell v Safeco Ins. Co.,* 42 AD2d 127). Here, the defendant failed to proffer any evidence to support such a finding. To the contrary, not only was the agreement dated October 29, 1986, in fact discovered by the defendant in files available to it throughout the litigation, but also, the agreement was signed by the president of the defendant, George Campbell, who agreed to the settlement. In addition, the defendant failed, other than in purely conclusory terms, to articulate how the agreement dated October 29, 1986, would have produced a different result at trial. Indeed, because the record fails to reflect the various calculations used by the parties in determining their respective obligations, it cannot be determined whether or not, as claimed by the plaintiff, the $125,000 was accounted for. Accordingly, relief pursuant to CPLR 5015 (a) (2) is not warranted.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.