■ MARYLEA MEYERSOHN et al., Respondents, v BARRY BLOOM, Appellant. [687 NYS2d 341] —Judgment, Supreme Court, New

York County (Carol Huff, J.), entered October 23, 1997, awarding plaintiffs the total amount of $86,598.94, and bringing up for review so much of an order, same court and Justice, entered September 16, 1997, granting plaintiffs' motion for summary judgment upon a cause of action for breach of novation agreement and directing the relief set forth in the aforesaid judgment, unanimously reversed, on the law, without costs, the judgment vacated, plaintiffs' motion denied, and the matter remanded for further proceedings, with leave to plaintiffs to file and serve, within 30 days of the date of this order, an amended complaint in accordance with this decision.

Plaintiffs, trustees of a testamentary trust, purchased "participation assignments" by which they invested in commercial real estate loans held by Cornell Capital Realty Funding Corp., a commercial real estate investment firm. Upon Cornell's failure to make payments due on the assignments, plaintiffs made repeated demands on defendant, the President of Cornell, to pay amounts owed the Trust. In an unsigned letter dated June 29, 1992, defendant undertook to repay the Trust investment on revised terms. A representative of plaintiffs signed the letter acknowledging acceptance of the revised payment schedule. In subsequent correspondence that was signed by defendant, defendant referred to the June 29th letter as the agreement governing payments. After June 29, 1992, the only payments made to plaintiffs were made by defendant personally, and in making those payments, he referred to the June 29th letter as constituting the payment agreement. The letters, even coupled with the subsequent conduct of the parties, did not demonstrate an unequivocal intention to extinguish the prior obligation of Cornell and to replace it with the new obligation personally assumed by defendant. Since the requisite element of a discharge of a prior debt was not satisfied (see, Globe Food Servs. Corp. v Taffet, 184 AD2d 278; Healy v Brotman, 96 Misc 2d 386 [Sup Ct, Suffolk County 1978]), the court erred in granting summary judgment to plaintiffs.

However, plaintiffs may have a basis to recover from defendant on the basis of the letter agreement as an original promise, notwithstanding a lack of consideration (cf., Healy v Brotman, supra). In this regard, plaintiffs may rely on the doctrine of promissory estoppel (cf., Steele v Delverde S.R.L., 242 AD2d 414). The correspondence between the parties evidenced a clear personal promise by defendant to repay the amount in dispute, and plaintiffs relied on the promise, forgoing the more advantageous terms of the participation assignments, to their detriment. Defendant, who was in possession of the June 29th

letter and, being the draftsmen, was well aware of its terms, cannot claim to have been unaware of plaintiffs' reliance on the letter. Plaintiffs should be allowed to replead to assert such a cause of action. Concur—Nardelli, J. P., Tom, Wallach and Andrias, JJ.