■ DIMITRIOS KALOIDIS, Respondent, v ANGELO PETRAKIS et al., Defendants, and SAUL QUINN, Appellant. [711 NYS2d 471] —In an action to recover on two promissory notes, the defendant Saul Quinn appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Adams, J.), entered May 13, 1999, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $84,334.94.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant Peter Liakakos and the appellant Saul Quinn were the principals of Pesa Restaurant Corp. (hereinafter Pesa). In May 1993 they executed two promissory notes on behalf of Pesa, which were made out to "bearer", as partial compensation to Angelo Petrakis, a contractor hired to renovate a restaurant operated by Pesa. Both Liakakos and the appellant were guarantors on the notes. In July 1993 the plaintiff, Dimitrios Kaloidis, discounted the notes, and paid Petrakis $24,000 or $25,000 for each one. Petrakis, in turn, executed two letters guaranteeing payment of the notes. When payment did not occur on the notes after demand letters were issued, the plaintiff commenced this action.

The appellant contends that as a result of the letter guarantees executed by Petrakis, his obligations as guarantor of the notes were discharged. This claim has no merit as there is no evidence of "an unequivocal intention" to extinguish the appellant's prior obligation and to replace it with the new obligation personally assumed by Petrakis (see, Meyersohn v Bloom, 259 AD2d 432, 433).

The appellant further contends that the plaintiff failed to meet his burden of proof that he was a "holder" of the notes. Under UCC 1-201 (20), a "holder" is defined as "a person who is in possession of a document of title or an instrument or an investment * * * security drawn, issued or indorsed to * * * bearer". Contrary to the appellant's contention, the evidence was sufficient to demonstrate that the plaintiff was a "holder" of the promissory notes.

The appellant's remaining contentions are without merit. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.