■ PALJO SALJANIN, Respondent, v GJELLOSH DEDVUKAJ, Appellant. [771 NYS2d 913]—

In an action to recover the proceeds of a loan, the defendant appeals (1) from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 31, 2002, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $83,300, and (2), as limited by his brief, from so much of an order of the same court entered April 9, 2002, as denied that branch of his motion which was to vacate the judgment pursuant to CPLR 5015 (a) (2).

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Pursuant to CPLR 5015 (a) (2), a party may be excused from a judgment on the ground of "newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time

to move for a new trial under section 4404." Here, however, the defendant failed to prove that the checks at issue could not have been discovered earlier through the exercise of due diligence (*see Structural Concrete Corp. v Campbell Assoc. Corp.,* 224 AD2d 516, 517 [1996]). Therefore, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment.

The Supreme Court properly awarded the plaintiff prejudgment interest (*see* CPLR 5003; *155 Henry Owners Corp. v Lovlyn Realty Co.,* 231 AD2d 559 [1996]).

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, Goldstein and Rivera, JJ., concur.