■ KLEET LUMBER CO., INC., Respondent, v SAW HORSE REMODELERS, INC., et al., Defendants, and DANIEL L. SATER, Appellant. [787 NYS2d 64]—

In an action, inter alia, to recover payment for goods sold and delivered, the defendant Daniel L. Sater appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 12, 2003, as denied that branch of his motion which was to vacate a judgment of the same court entered July 15, 1999, upon his failure to appear at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the appellant failed to appear for trial in 1999, a judgment was entered upon his default. In 2003 the appellant moved pursuant to CPLR 5015 (a) (2) to vacate the judgment, based upon a claim of newly-discovered evidence. However, in order to vacate a judgment under this provision, a moving party must demonstrate that the evidence could not have been discovered earlier through the exercise of due diligence (*see Corpuel v Galasso*, 240 AD2d 531, 533 [1997]; *Structural Concrete Corp. v Campbell Assoc. Corp.*, 224 AD2d 516, 516-517 [1996]). The appellant introduced no evidence to indicate how or when he came into possession of the evidence, although the record indicates that he possessed it for at least two years before making the motion, leaving only speculation as to whether it is newly-discovered. Furthermore, since the appellant had the evidence for at least two years before moving to vacate, he did not move to vacate within a reasonable time (*see City of Albany Indus. Dev. Agency v Garg*, 250 AD2d 991, 993 [1998]; *Levitt v County of Suffolk*, 166 AD2d 421, 422 [1990]). Therefore, the Supreme Court providently exercised its discretion in denying the motion to vacate.

In any event, the appellant was required to demonstrate that the newly-discovered evidence, "if introduced at trial, would probably have produced a different result" (CPLR 5015 [a] [2]). The appellant's motion was based upon the contention that certain documents amounted to proof of a novation. However, as the documents did not unequivocally state that the appellant was released from his obligation, they did not establish that a novation had occurred (*see Kaloidis v Petrakis*, 274 AD2d 502 [2000]; *Old Oak Realty v Polimeni*, 232 AD2d 536, 537 [1996]).

The appellant's remaining contentions are without merit. Smith, J.P., Luciano, Mastro and Rivera, JJ., concur.