In an action, inter alia, to recover damages for breach of contract, the defendant James Cataldo, also known as Jimmy Cataldo, appeals from an amended judgment of the Supreme Court, Nassau County (Woodard, J.), entered September 8, 2011, which, upon remittitur from this Court, upon a jury verdict awarding the plaintiff damages for breach of contract, and upon an order of the same court dated August 31, 2011, denying his motion pursuant to CPLR 5015 (a) (2) and (3), inter alia, to vacate a judgment of the same court entered March 31, 2009, is in favor of the plaintiff and against him in the principal sum of $18,827.29, plus prejudgment interest at the rate of 18% per annum from February 28, 2001, and an award of an attorney’s fee in the sum of $6,275.14.
Ordered that the amended judgment is affirmed, with costs.
On March 31, 2009, the Supreme Court entered judgment against the defendant James Cataldo, also known as Jimmy Cataldo, in this action, inter alia, to recover damages for breach of contract. In February 2011, this Court affirmed the judgment entered March 31, 2009, insofar as appealed from by Cataldo, reversed that judgment insofar as cross-appealed from by the plaintiff, and directed the Supreme Court to issue an amended judgment (see Yellow Book of N.Y., L.P. v Cataldo, 81 AD3d 638 [2011]). Based on his discovery in March 2011 of certain public records, Cataldo then moved pursuant to CPLR 5015 (a) (2) and (3), inter alia, to vacate any judgment entered or to be entered against him. The Supreme Court denied the motion on August 31, 2011, and entered an amended judgment shortly thereafter.
The defendant did not demonstrate entitlement to relief pursuant to CPLR 5015 (a) (2). He failed adequately to explain why the recently offered documents, which were available to him as of 2003, could not have been produced prior to the trial and the entry of the initial judgment (see Stipo v Carpenito, 92 AD3d 864, 865 [2012]; Saljanin v Dedvukaj, 5 AD3d 371, 371-372 [2004]). In any event, contrary to Cataldo’s contention, submission of those documents prior to trial would not have compelled the Supreme Court to dismiss the complaint instead of conducting a jury trial (see Stipo v Carpenito, 92 AD3d at 865; Tornheim v Blue & White Food Prods. Corp., 88 AD3d 869, 869 [2011]).
Cataldo similarly failed to demonstrate any entitlement to relief pursuant to CPLR 5015 (a) (3). There is no evidence in *1081 the record supporting his contention that the plaintiff committed fraud, made any misrepresentations, or engaged in misconduct in the course of securing the amended judgment (see Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810, 811 [2012]; Tornheim v Blue & White Food Prods. Corp., 88 AD3d at 869; Zaccaria v Russell, 288 AD2d 468 [2001]).
Cataldo’s remaining contentions are without merit. Rivera, J.E, Balkin, Dickerson and Cohen, JJ., concur.