Ashirova v Cevallos (2020 NY Slip Op 04724)





Ashirova v Cevallos


2020 NY Slip Op 04724


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-10878
 (Index No. 506927/17)

[*1]Julia Ashirova, respondent,
v
Dan Cevallos, appellant.


Dan Cevallos, Brooklyn, NY, appellant pro se.
Mestechkin Law Group P.C., Brooklyn, NY (Oleg A. Mestechkin, Wing K. Chiu, and Nancy Lam of counsel), for respondent.



DECISION & ORDER
In an action for injunctive relief and to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 21, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a preliminary injunction to the extent of directing the defendant to comply with certain terms of a stipulation of settlement entered into between the parties dated September 26, 2012.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who were never married, are the parents of two children. After the demise of their relationship, the parties commenced litigation against each other. On September 26, 2012, the parties entered into a stipulation of settlement (hereinafter the stipulation), pursuant to which they agreed, inter alia, that the plaintiff would transfer title to certain real property in Swan Lake to the defendant, that the defendant would apply for a mortgage for the subject property "in an amount sufficient to satisfy the existing mortgage in [the plaintiff's] name," that the defendant, before marrying someone else, would execute a prenuptial agreement in which the subject property would be "protected as [his] separate property," and that the defendant would "execute a Last Will and Testament in which he gives, devises and bequeaths such real property in trust for [their] children."
In April 2017, the plaintiff commenced this action against the defendant, and simultaneously moved by order to show cause for a preliminary injunction directing the defendant to comply with the aforementioned terms of the stipulation. In an order dated August 21, 2017, the Supreme Court granted the plaintiff's motion to the extent of directing the defendant to "secure title to the [subject] property and obtain a mortgage to secure the property for the [parties'] children." The defendant appeals.
"To obtain a preliminary injunction, the moving party must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor" (Zoller v HSBC Mtge. Corp. [USA], 135 AD3d 932, 933; see Emanuel Mizrahi, DDS, P.C. v Angela Andretta, DMD, P.C., 170 AD3d 1120, 1123). Here, the plaintiff demonstrated a likelihood of ultimate success on the [*2]merits of her claim. The plaintiff also demonstrated the prospect of irreparable injury absent a preliminary injunction, and that a balancing of the equities tipped in her favor (see Matter of 1650 Realty Assoc., LLC v Golden Touch Mgt., Inc., 101 AD3d 1016, 1018). Contrary to the defendant's contention, the plaintiff's agreement, at the defendant's request, to transfer title to the subject property to his mother instead of to him did not constitute a novation of the stipulation (see Sudit v Roth, 98 AD3d 1106, 1106; Kleet Lbr. Co, Inc.. v Saw Horse Remodelers, Inc., 13 AD3d 414, 415).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction to the extent indicated.
AUSTIN, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court