■ RENEE NELMS, Respondent, v KENNETH NELMS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Kings County (Potoker, J.H.O.), dated May 6, 1986, as, after a nonjury trial, (1) directed him to pay child support in the amount of $65 per week, and (2) ordered that he have visitation with the parties' daughter from 11:00 A.M. to 6:00 P.M. every Sunday and for one week during the summer season.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's present contention, we discern no error in the award of child support in the amount of $65 per week. The record reveals that the plaintiff wife, as the custodial parent of the parties' infant daughter, has far greater expenses than the defendant and is in a poorer financial position to meet these expenses (see, Domestic Relations Law § 236 [B] [7]). Hence, the child support award is not excessive under the circumstances of this case.

Similarly unavailing is the defendant's challenge to the schedule of visitation fashioned by the Judicial Hearing Officer. The visitation granted herein insures frequent and meaningful contact between the defendant and his daughter (see generally, Daghir v Daghir, 82 AD2d 191, affd 56 NY2d 938) and overnight visitation was properly denied at this time due to the tender age of the child and the uncertain living arrangements of the defendant. Under the circumstances, we perceive no impropriety or abuse of discretion in the formulation of the visitation schedule (see, e.g., People ex rel. Cramp v Cramp, 117 AD2d 762).

Finally, the defendant's contentions with respect to the Judicial Hearing Officer's distribution of the parties' assets have not been considered, as they are beyond the scope of this appeal as limited by the defendant's notice of appeal. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.