■ JOYCE SHAPIRO, Respondent, v YECHIEL C. S. SHAPIRO,

Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notices of appeal and brief, (1) from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 3, 1987, as denied his motion to reopen the trial to present additional evidence in support of his claims for ancillary relief, and (2) from stated portions of a judgment of divorce of the same court, entered January 12, 1988, which, *inter alia,* found that the defendant was entitled to only 40% of the marital property, which was valued at $161,715, granted the defendant a distributive award of only $23,183, payable in three annual installments, and denied him a share of the value of the plaintiff's pension.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by (1) deleting the provision thereof valuing the parties' one-half interest in the marital residence at $84,500 and substituting therefor a provision valuing the parties' one-half interest in the marital residence at $89,500, (2) increasing the total value of marital property to $166,715, and (3) increasing the defendant's distributive award to $25,183, payable in three equal annual installments of $8,394.33; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the defendant's contentions, the trial court did not improvidently exercise its discretion by denying his motion to reopen the trial so that he could present additional evidence in support of his claims for ancillary relief. Although the court possesses the discretion to reopen a case after a party has rested, "such discretion should be sparingly exercised" *(Mulligan v Wetchler,* 39 AD2d 102, 105, *appeal dismissed* 30 NY2d 951). The defendant moved to reopen the case approximately five months after the close of all evidence, and approximately 3½ months after the trial court issued its memorandum decision. While it may be appropriate to reopen a case to enable a party to present additional evidence prior to the presentation of the adversary's evidence *(see, Felice v*

*Gershkon,* 34 AD2d 1008), an untimely motion to reopen should be denied *(see, Mulligan v Wetchler, supra; Matter of Wareham v Wareham,* 34 AD2d 647), especially when such a motion is made after the court rules on the relevant issue, the movant fails to disclose the nature of the omitted evidence and the evidence sought to be introduced is not newly discovered *(see, Oregon Leopold Day Care Center Assn. v Di Marco Constructors Corp.,* 104 AD2d 719).

Furthermore, we find that the court did not err by failing to grant the defendant an equitable share of the value of his wife's pension. Although that portion of the value of the pension which accrued during the marriage constitutes marital property subject to equitable distribution *(see, Majauskas v Majauskas,* 61 NY2d 481), the defendant failed to offer any proof as to its value. Since the defendant failed to meet his burden of proving the value of the plaintiff's pension, the court correctly refused to award him a share thereof *(see, Tabriztchi v Tabriztchi,* 130 AD2d 652; *Del Gado v Del Gado,* 129 AD2d 426; *Michalek v Michalek,* 114 AD2d 655, *lv denied* 69 NY2d 602).

However, the court did err by failing to include as marital property $5,000 representing one half of the $10,000 down payment contributed by the plaintiff's parents to the purchase of the marital residence. This two-family house was jointly owned by the plaintiff and her mother as tenants in common. One half of the stipulated value of the house was correctly included in marital property. However, the evidence did not support the court's finding that the $10,000 contributed by the plaintiff's parents was a loan. Thus, one half of this amount was includable as marital property, 40% of which should have been credited to the defendant pursuant to the court's division of marital assets *(see, Kobylack v Kobylack,* 111 AD2d 221; *see also, Michalek v Michalek, supra).*

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.