■ LEA RAVIV, Respondent-Appellant, v GIDEON RAVIV, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Lafauci, J.), dated December 22, 1987, as, after a nonjury trial, (1) equitably distributed certain marital property of the parties, (2) determined that certain assets were the plaintiff wife's separate property, (3) awarded the plaintiff wife

$1,000 per month in maintenance for five years, (4) determined that the defendant husband was liable for arrears in maintenance and child support, and (5) awarded the plaintiff wife, the noncustodial spouse, the right to reside in the marital residence, and the plaintiff wife cross-appeals from so much of the same judgment as failed to grant her request that the defendant husband be directed to provide her with medical and dental insurance and to make her a beneficiary under a life insurance policy.

Ordered that the judgment is modified, on the law and the facts, by (1) adding to the tenth decretal paragraph thereof, after the words "account in" and before the words "the Marine Midland" the clause "Bank Leumi, which contained some $14,000 at the time of trial and the account in", (2) adding a provision thereto directing the defendant to provide medical and dental insurance for the period of five years from the date of this decision and order and to purchase or maintain a policy of insurance on his life in the amount of $60,000, designating the wife as irrevocable beneficiary thereunder, to be effective through September 25, 1994, and (3) deleting the sixth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the amount of the arrears in pendente lite maintenance and child support.

The defendant husband acquired a purchase option for a condominium apartment in May 1984 and it was amended in March 1985. He sold the option in 1986. At trial, he testified that he netted $61,000 from the sale, after $5,000 in expenses were deducted. He contends on appeal that the option was not marital but separate property. We disagree. Property acquired during the marriage and prior to the commencement of a matrimonial action is marital property (see, Domestic Relations Law § 236 [B] [1] [c]; *O'Brien v O'Brien,* 66 NY2d 576). The defendant failed to rebut the presumption that this purchase option was, in fact, marital property (see, *Lischynsky v Lischynsky,* 120 AD2d 824). We further conclude that the court properly made a distribution of one half of the option to the plaintiff wife, giving due regard, *inter alia,* to the contributions of each party to the marital enterprise (see, *Price v Price,* 69 NY2d 8).

The two certificates of deposit, one issued by Chemical Bank and the other by Bank Leumi, valued at $15,000 and $35,423, respectively, were also properly deemed to be marital property (see, Domestic Relations Law § 236 [B] [1] [c]).

We also find that the $14,000 in funds on deposit in the plaintiff's Bank Leumi account and the approximately $50,000 in funds in the plaintiff's Marine Midland account constitute separate property, inasmuch as the testimony established, to our satisfaction, that these funds were derived from the plaintiff's inheritance stemming from the death of her father (see, Domestic Relations Law § 236 [B] [1] [d] [1]).

The defendant further claims that the maintenance award was improper. It is well settled that a court must take into account the financial circumstances of both parties in making an award of maintenance, including their reasonable needs and means (see, Foy v Foy, 121 AD2d 501; see also, Matter of De Nicola v De Nicola, 108 AD2d 745). A court must also consider the paying spouse's present and anticipated income, the benefiting spouse's present and future earning capacity, as well as both parties' standard of living (see, Delaney v Delaney, 111 AD2d 111). In this case, the Supreme Court, noting that the parties lived a comfortable middle-class life-style during the marriage, determined that the plaintiff had no meaningful employment skills and devoted her life to caring for the defendant and the children. She also demonstrated only marginal command of the English language. These facts support the court's conclusion that the wife, in contrast to the defendant, an apparently shrewd businessman, has little chance of being sufficiently self-supporting in the near future so as to achieve the standard of living to which she is accustomed. As the court observed, the defendant has a manifest ability to be self-supporting and to provide maintenance to the plaintiff to the extent and for the period provided for in the judgment. Maintenance of $1,000 per month is provided for five years, so as to give the wife a reasonable period in which to obtain training (see, Parris v Parris, 136 AD2d 685).

We also find merit to the plaintiff's request that the defendant be directed to provide medical and dental insurance for her benefit. Such insurance shall remain in effect for the period of five years from the date of this decision and order. Further, we direct the defendant to purchase or maintain a policy of insurance on his life in the amount of $60,000, designating the wife as irrevocable beneficiary thereunder, to be effective through September 25, 1994.

We note that although the defendant did not contest, at trial, that he owed the plaintiff certain arrears in pendente lite maintenance and child support, there is no evidence in the record as to the precise amount of arrears outstanding.

Accordingly, we remit this matter to the Supreme Court for a hearing to determine the amount of the arrears.

We have considered the defendant's remaining contentions and have found that they do not require reversal. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.