■ IRWIN BROWNSTEIN, Respondent, v MARJORIE BROWNSTEIN, Appellant.—Judgment of the Supreme Court, New York County (Walter Schackman, J.), entered on July 5, 1989, which, *inter alia,* dissolved the marriage between the parties, awarded child support and maintenance, distributed the real property, allocated the parties' respective liability for the children's college expenses and awarded counsel fees to defendant, is unanimously modified on the law and the facts to the extent of directing that plaintiff pay defendant $400 per week maintenance without limitation as to time and that he procure a life insurance policy in her favor in the amount of $100,000, and deleting the provision authorizing the reduction of child support payments upon the children's attendance at college, and otherwise affirmed, without costs or disbursements.

Following an extended and contested matrimonial action between the parties herein, the Supreme Court, at the conclu-

sion of the trial held in connection with this matter, granted defendant wife a divorce from plaintiff husband, awarded defendant custody of the two minor children of the marriage with plaintiff being accorded liberal visitation, directed that plaintiff make certain maintenance and child support payments, distributed the real property of the parties, allocated the parties' respective responsibility for the children's educational expenses, imposed various financial and other obligations upon the parties and awarded counsel fees to defendant's attorneys. This court, having examined the record, is persuaded that the trial court's determination is appropriate under the facts and circumstances existing herein except in three significant respects. In that regard, there is merit to defendant's claims that (1) the maintenance award to her is inadequate and, moreover, should not have been limited to a period of four years; (2) the judgment improperly provides that plaintiff pay support in the amount of $150 for each child until emancipation to be "reduced to $75.00 per week per child while the child is enrolled at a college or university beyond commuting distance from the home"; and (3) that the $50,000 term life insurance policy which plaintiff is required to purchase for defendant's benefit is inadequate.

The Supreme Court directed that plaintiff pay maintenance to defendant in the amount of $200 per week for a period of four years from the date of the judgment at which time she presumably will have become fully self-supporting. The court apparently decided that the fact that defendant estimated that her annual income for 1988 would be approximately $50,000, subject to taxation and other business expenses, was reflective of a substantial earning capacity on her part as a licensed real estate salesperson. However, there is no support in the record to conclude that defendant will likely be able to earn a substantial income in four years. Not only is her anticipated *gross* $50,000 income for 1988 fairly modest on its face, but even that amount is an anomaly when compared to prior years during which her income was so low as sometimes not to exceed a total of $20,000 in two consecutive years. Indeed, the court noted that defendant had a legitimate concern as to how her business would continue to function in the future. Yet, he still awarded her only $200 per week and placed a four-year limitation even on that sum notwithstanding an admitted law practice income by plaintiff well in excess of $125,000 *net* during most recent years, excluding his office perquisites, pension and other financial assets, and also despite the long duration of the marriage, the fact that defen-

dant relinquished a permanent civil service position at the time of her marriage to devote herself to her family, including three of plaintiff's children by a prior marriage, and that, at her age, starting over is highly problematic.

In view of plaintiff's substantial income and defendant's questionable future prospects, the Supreme Court's award was inadequate and contrary to settled legal standards. Thus, as the court stated in *Raviv v Raviv* (153 AD2d 932, 934) in determining maintenance, consideration must be made for "the paying spouse's present and anticipated income, the benefiting spouse's present and future earning capacity, as well as both parties' standard of living" *(see also, Pulitzer v Pulitzer,* 134 AD2d 84). Instead of taking these factors into account, the court seems simply to have speculated that defendant should be able to support herself partially now, and more completely in four years, and disregarded the legal requirement that a time limitation for maintenance payments be imposed only in order to enable a party to obtain training so as to become sufficiently self-supporting to achieve the standard of living to which he or she has been accustomed in the past or otherwise to allow such person to restore earning power to a previous level *(see, Raviv v Raviv, supra; Pulitzer v Pulitzer, supra; Malamut v Malamut,* 133 AD2d 101). There is no basis here upon which to find that the lapse in time is likely to accomplish either of those objectives and that her financial prospects will be any better in four years than they are today. Accordingly, defendant should appropriately receive $400 per week in maintenance with no time limitation attached. In addition, plaintiff should be compelled to purchase a life insurance policy in her favor in the amount of $100,000 to cover the increased value of the maintenance award. Finally, the court's ruling that child support payments could be modified downward upon a child's leaving home for college violates established principle enunciated in *Majauskas v Majauskas* (61 NY2d 481, 494-495), wherein the Court of Appeals, when discussing the maintenance and support portions of a matrimonial decree, explained that: "To direct a future change on the occurrence of any given fact (for example, as here, the wife's obtaining employment) ignores the possibility of change in other factors affecting the computation (e.g., increased expenses for child care during the wife's hours away from home after she obtains employment). Except when a judgment provides for an imminent and measurable change (as when it directs sale of the marital residence and increases maintenance by the amount of rent that will be required after

sale), or where statutory provision expressly provides otherwise (e.g., Domestic Relations Law, § 32, subd 3), such a judgment should not include provision for increase or decrease upon the happening of a particular future event".

We have considered the parties' remaining arguments and deem them to be without substance. Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.