■ MARGARET DE LA TORRE, Respondent, v ROBERT M. DE LA TORRE, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered January 16, 1990, as, after a nonjury trial, (1) directed him to pay the plaintiff wife maintenance in the sum of $100 per week for five years, (2) directed him to pay child support in the sum of $94.67 per week per child, (3) awarded custody of the two children of the marriage to the wife, (4) awarded him visitation with the children on only one weekend day per week on either a Saturday or Sunday from 10:00 A.M. to 8:00 P.M., New Years Day, Easter Sunday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day, in alternating years, Father's Day, and a two week period during the summer, and (5) granted the wife a distributive award in the sum of $20,221.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by (1) reducing the duration of the maintenance award from five years to three years, and (2) deleting from the eighth decretal paragraph the sum of $20,221 and substituting therefor the sum of $13,508.30; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the husband's present contention, we discern no error in the award of child support in the amount of $94.67 per week per child. The court correctly calculated the amount of child support pursuant to the Child Support Standards Act by taking into account the relevant and appropriate deductions from the husband's gross income (see, Domestic Relations Law § 240 [1-b]).

Similarly unavailing is the husband's challenge to the schedule of visitation fashioned by the court. The visitation

granted herein insures frequent and meaningful contact between the husband and his sons *(see, generally, Nelms v Nelms,* 135 AD2d 518; *Twersky v Twersky,* 103 AD2d 775; *Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938). Overnight visitation (other than two weeks during the summer) was properly denied at this time due to the uncertain and inadequate living arrangements of the husband *(see, e.g., Nelms v Nelms, supra).*

While the court properly awarded the wife maintenance in the amount of $100 per week after considering the financial circumstances of both parties, including their reasonable needs and means as well as their standard of living, the court erred in awarding maintenance for five years *(see,* Domestic Relations Law § 236 [B] [6]; *Brownstein v Brownstein,* 167 AD2d 127, 129; *Hirschman v Hirschman,* 156 AD2d 644, 645; *Raviv v Raviv,* 153 AD2d 932, 934; *Foy v Foy,* 121 AD2d 501). Maintenance is designed to give the spouse economic independence *(see, O'Brien v O'Brien,* 66 NY2d 576, 585), and should continue only as long as is required to render the recipient self-supporting *(see, Cohen v Cohen,* 154 AD2d 808; *Oswald v Oswald,* 154 AD2d 817, 818). Here, given the wife's level of education and employment status, we conclude that she had the ability to become self-supporting within three years from the date of the judgment *(see, Oswald v Oswald, supra; Gundlah v Gundlah,* 116 AD2d 1026).

The husband also contends that the distributive award to the wife was excessive inasmuch as the court failed to reduce his pension amount by 34%, which is income tax to be paid up on the early withdrawal. The husband further maintains that the court also erred by not reducing the distributive award by $2,750, representing half of the Dodge Aries car valued at $5,500, on the ground that the wife retained physical possession of the car. We agree.

This court has recognized that the value of a pension should be discounted by the amount of income tax required to be paid by a party where the party seeking the discount presented some evidence from which the court could have determined the dollar amount of the tax consequences *(see, Schanback v Schanback,* 159 AD2d 498, 499-500; *Lauricella v Lauricella,* 143 AD2d 642, 645; *Gluck v Gluck,* 134 AD2d 237, 239; *Tereszkiewicz v Tereszkiewicz,* 128 AD2d 605, 606; *Kobylack v Kobylack,* 111 AD2d 221, 226; *see also, Povosky v Povosky,* 124 AD2d 1068, 1069 [where the Fourth Department held that since the husband did produce the testimony of a tax accountant showing the dollar amount of tax consequences resulting

from the withdrawal of the money from the plan, the trial court erred in making the distribution without regard to the tax consequences]). The husband is a tax accountant by profession and he testified that if he withdraws the money from his pension plan he would be taxed at ordinary income tax rates in the maximum tax bracket, which would be 34%: 28% for Federal taxes and 6% for New York State taxes. Accordingly, an amount equal to 50% of the total tax liability on the money withdrawn from the husband's pension plan must be deducted from the wife's proportionate share of the pension before arriving at the value of the distributive award. In addition, we agree that the trial court incorrectly calculated that portion of the distributive award to the wife which represented her equitable share of the 1985 Dodge Aries. The record indicates that the automobile has been fully paid off by the husband and is, and has been, in the physical possession of the wife. Thus, while it is not improper to allot marital assets individually to the respective spouses, the values thereof should be accounted for by appropriate adjustments to the distributive award (see, Brennan v Brennan, 103 AD2d 48, 54). We therefore further reduce the distributive award by $2,750, representing half the value of the Dodge Aries.

We have examined the husband's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.