■ DENNIS M. RAMSHAW, Respondent, v ALICE J. RAMSHAW, Appellant.—In an action for a divorce and ancillary relief, the

defendant wife appeals, as limited by her brief, from stated portions of (1) a judgment of the Supreme Court, Suffolk County (Leis, J.), dated July 14, 1989, and (2) an amended judgment of the same court, dated November 30, 1989, which, *inter alia,* set forth a schedule of visitation, directed her to obtain therapy, and awarded her maintenance in the sum of $110 per week for a period of two years.

Ordered that the appeal from the judgment dated July 14, 1989, is dismissed, without costs or disbursements, as that judgment was superseded by the amended judgment dated November 30, 1989; and it is further

Ordered that the amended judgment is modified, by deleting the fourth decretal paragraph thereof which directed the wife to obtain therapy, and by deleting from the fifth decretal paragraph thereof the word "two", and substituting therefor the word "four"; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1971, and their only child, Rachel, was born in 1983. In 1986, the plaintiff husband moved out of the marital residence, and Rachel continued to reside with the defendant wife. The husband commenced this action for a divorce, and, following a nonjury trial, the court granted custody of Rachel to the wife and liberal visitation to the husband. In addition, the court directed the wife to "obtain counseling in an effort to change her behavioral patterns in the direction of becoming more relaxed and less compulsive with the infant Rachel". On appeal, the wife contends that the court erred in directing her to obtain counseling, and we agree. While it may be appropriate for a court in a custody proceeding to order the parties and children to undergo counseling under the court's direction and supervision in connection with a program of visitation or to assist in a custody determination *(see, e.g., Resnick v Zoldan,* 134 AD2d 246), the court had no authority to impose an open-ended obligation on the wife to obtain future counseling as an implied condition of its custody determination *(cf., Nacson v Nacson,* 166 AD2d 510; *Schneider v Schneider,* 127 AD2d 491, *affd* 70 NY2d 739; *Paris v Paris,* 95 AD2d 857).

In awarding maintenance, the court was required to consider such factors as the wife's age, health problems, education and employment history, the duration of the marriage and the income and property of the parties *(see,* Domestic Relations Law § 236 [B] [6] [a]). The wife failed to establish

that the award of maintenance in the sum of $110 per week was inadequate; however, we find that the court erred in limiting the award to a two-year period. The wife, approximately age 35 at the time of the trial, is a high school graduate who, aside from a few low-paying jobs during the 15-year marriage, was primarily a homemaker. Moreover, the wife has significant child-care responsibilities. Under the circumstances, the duration of the husband's obligation to pay maintenance should be increased to a period of four years to enable the wife to obtain full-time employment or further training in order to become financially independent *(see, Morton v Morton,* 130 AD2d 558).

Contrary to the wife's contention, we find that the visitation schedule formulated by the court was not an improvident exercise of its discretion *(see, Nelms v Nelms,* 135 AD2d 518), as it ensures frequent and meaningful contact between the husband and Rachel *(see generally, Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.