■ MORRIS CHASE, Respondent-Appellant, v SYLVIA CHASE, Appellant-Respondent. [618 NYS2d 94] —In an action for a divorce and ancillary relief, (1) the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Kassoff, J.), entered March 2, 1992, which, after a nonjury trial, *inter alia,* (a) granted the plaintiff husband a divorce on the ground of constructive abandonment, (b) ordered that the proceeds from the sale of the marital residence be divided equally, (c) denied her maintenance, and (d) denied her counsel fees; and (2) the plaintiff husband cross-appeals, as limited by his brief, from stated

portions of the judgment pertaining to the equitable distribution of the marital property.

Ordered that the judgment is modified, on the law and the facts, by adding to the provision thereof providing for the defendant's retention of a diamond ring, a provision directing the defendant to pay the plaintiff $6,000 representing one-half the appraised retail value of the ring, and that the payment shall be made by charging the defendant against her share of the proceeds of the sale of the marital residence and its contents; as so modified, the judgment is affirmed, without costs or disbursements.

The husband established not only that his wife refused sexual relations for at least one year prior to commencement of the action, but that the refusal was willful, continued, and unjustified (see, Ostriker v Ostriker, 203 AD2d 343). Accordingly, he adduced sufficient evidence to establish his cause of action for divorce on the ground of constructive abandonment.

Insofar as the equitable distribution of the marital property is concerned, Domestic Relations Law § 236 (B) (1) (c) states that marital property is "all property acquired by either or both spouses during the marriage * * * [and] shall not include separate property" defined, in pertinent part, as property acquired as a "gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]). Thus, by negative implication, gifts from one spouse to the other are marital property subject to equitable distribution. Accordingly, the "gifts" of the marital residence and the diamond ring, made from one spouse to the other during the course of the marriage, were marital property subject to equitable distribution (see, Foppiano v Foppiano, 166 AD2d 550). We find, however, that the court's award of the diamond ring exclusively to the defendant should be modified so that the parties share equally in its value, as was done with every other asset found subject to equitable distribution.

Furthermore, while this Court has recognized that the value of a pension should be discounted by the amount of income tax required to be paid by a party, where the party seeking the discount fails to present any evidence from which the court could have determined the dollar amount of the tax consequences, the computation of the award without regard to tax consequences will be deemed proper (see, Gluck v Gluck, 134 AD2d 237; see also, De La Torre v De La Torre, 183 AD2d 744; Malin v Malin, 172 AD2d 721). Since the husband did not produce any evidence showing the dollar amount of

tax, the trial court did not err in distributing his pension in accordance with *Majauskas v Majauskas* (61 NY2d 481), without regard to tax consequences.

In light of the fact that the parties' respective financial circumstances were quite similar, the trial court's denial of maintenance and counsel fees was an appropriate exercise of discretion.

The parties' remaining contentions are without merit. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.