■ VALENTINA KIPRILOVA, Respondent, v NIKOLA KIPRILOV, Appellant. [679 NYS2d 687] —In a matrimonial action in which the parties were divorced by judgment dated October 26, 1994, the defendant appeals from an order of the Supreme Court, Kings County (Hall, J.), dated July 25, 1997, which, after a hearing on the economic issues of the marriage, directed that he (1) pay maintenance to the plaintiff in the amount of $1,000

a month for 60 months, (2) transfer his interest in the parties' apartment in Bulgaria to the plaintiff, and (3) pay all of the plaintiff's legal expenses.

Ordered that the order is modified by deleting the provision thereof directing the defendant to pay the plaintiff's legal expenses; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of the amount of an award of an attorney's fee, if any, to the plaintiff.

There is no merit to the defendant's contentions that the distribution of the marital property was inequitable, or that the award of maintenance posed an unfair financial burden on him. The trial court has broad discretion in fashioning an equitable distribution of the marital assets and in awarding maintenance (*see*, Domestic Relations Law § 236 [B]; *O'Brien v O'Brien*, 66 NY2d 576; *Majauskas v Majauskas*, 61 NY2d 481). Here, the distribution of the marital property was equitable. In awarding the plaintiff maintenance, the trial court found that the defendant had misrepresented his income. Based on that finding, the trial court reviewed the defendant's financial records in evidence and awarded maintenance upon the review. We agree with the trial court's determination. The award of maintenance reflects an appropriate balancing of the plaintiff's needs and the defendant's ability to pay.

The plaintiff correctly concedes that the trial court erred in awarding her legal expenses without first conducting a hearing to explore the relative financial conditions of the parties, and the attorney's claim for a fee (*see, Price v Price*, 113 AD2d 299, *affd* 69 NY2d 8). Even though the relative financial positions of the parties were examined at trial, the issue of an attorney's fee was not addressed.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.