■ LINDA S. WAHL, Appellant-Respondent, v HOUGHTON WAHL, Respondent-Appellant. [716 NYS2d 696] —In an action for a divorce and ancillary relief, the plaintiff appeals (1) from a decision of the Supreme Court, Putnam County (Braatz, J.), dated August 30, 1999, and (2), as limited by her brief, from stated portions of a judgment of the same court (Shapiro, J.), dated October 28, 1999, which, *inter alia,* (a) awarded her maintenance in the sum of only $500 per week until June 22, 2003, and $350 per week until she reaches 62 years of age, (b) failed to direct that the maintenance award be secured by life insurance on the defendant's life, and (c) awarded her only $15,000 in counsel fees, and the defendant cross-appeals (1) from the same decision, and (2), as limited by his brief, from stated portions of the same judgment, which, *inter alia,* (a) determined the value and distribution of certain marital property, (b) failed to grant him a credit against the retroactive maintenance awarded to the plaintiff, and (c) awarded the plaintiff maintenance.

Ordered that the appeal and cross appeal from the decision are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting from the third decretal paragraph thereof the sum of $115,000, representing maintenance arrears, and substituting therefor the sum of $105,050, and (2) deleting the ninth, tenth, and eleventh decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

Although the Supreme Court endeavored to value the parties' assets as of the date of the commencement of the action (*see,* Domestic Relations Law § 236 [B] [4] [b]), it valued the IBM stock which the husband had purchased, through paycheck deductions, as of about two months before the commencement of the action. The documentary evidence also reveals that the husband purchased additional shares prior to the commencement of the action. Accordingly, the matter must be remitted to the Supreme Court for a calculation of the number of shares of IBM stock owned by the husband as of the commencement of the action, and for a valuation of the stock as of that date. Because the Supreme Court awarded the wife one-half of the value of the IBM stock owned by the husband, an award to her of a portion of the proceeds received by the husband when he sold the stock after the action was commenced, but before the trial, would be duplicative. In light of our determination, we have deleted the decretal paragraphs of the judgment which equitably distributed $5,924.50 to the plaintiff and directed the defendant to transfer to the plaintiff one half of the IBM stock, if any, which he still possessed and which was purchased prior to the commencement of the action.

In addition, because the husband borrowed against his tax deferred savings account, rather than withdrawing from the account, in order to voluntarily make a pendente lite maintenance payment of $9,950 to the wife, he is entitled to a credit against his obligation for retroactive maintenance (*see, Ferraro v Ferraro,* 257 AD2d 598; *cf., Sivigny v Sivigny,* 213 AD2d 243).

The Supreme Court providently exercised its discretion in declining to award an additional attorneys' fee to the wife under the circumstances of this case (*see,* Domestic Relations Law § 237).

The parties' remaining contentions are without merit. Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.