■ RICHARD JOHNSON, Appellant-Respondent, v SHARON JOHNSON, Respondent-Appellant. [746 NYS2d 302] ■

Ordered that the judgment is modified, on the law, by (1) adding thereto a decretal paragraph directing that the marital residence be sold and the net proceeds thereof be divided equally between the parties, (2) deleting the decretal paragraph thereof directing that there be no equitable distribution of the plaintiff's Police Superior Officers' Variable Supplements Fund benefits, and (3) deleting the decretal paragraph thereof directing the plaintiff to pay pension arrears of $27,737.40; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the defendant's equitable share of the plaintiff's Police Superior Officers' Variable Supplements Fund benefits, whether the payments made by the plaintiff to the defendant beginning on March 1, 1999, should be credited against her share of his pension benefits, and whether the plaintiff is entitled to a credit for any income taxes paid on his pension benefits since October 15, 1998, and thereafter for entry of an appropriate amended judgment.

The plaintiff commenced this action on October 15, 1998, and he continued to reside in the marital home with the defendant and their three unemancipated children until late February 1999. Commencing on March 1, 1999, the plaintiff voluntarily paid the defendant $1,500 a month. The defendant did not seek pendente lite support and did not serve an answer seeking support until March 2001, after the Supreme Court issued a memorandum decision resolving the issues of support. The Supreme Court issued a judgment of divorce in August 2001 based on the parties' stipulated facts. The defendant did not request an award of maintenance, and the Supreme Court awarded child support prospectively only, in view of the defendant's failure to make an earlier application for such relief (see Domestic Relations Law § 236 [B] [7] [a]; *Carlson-*

*Subik v Subik,* 257 AD2d 859; *Carney v Carney,* 236 AD2d 574).

The plaintiff had been receiving a pension from the New York City Police Department since 1990. The Supreme Court awarded the defendant 37.7% of the plaintiff's pension, retroactive to October 15, 1998. The plaintiff does not dispute the Supreme Court's determination that the defendant is entitled to a 37.7% share of his monthly pension benefits. However, he contends that the Supreme Court erred in awarding her those benefits retroactive to the commencement of the action. The Supreme Court has broad discretion in fashioning an equitable distribution of the marital assets (*see Kiprilova v Kiprilov,* 255 AD2d 362). We conclude that the Supreme Court providently exercised its discretion in awarding the defendant an equitable share of the plaintiff's pension benefits retroactive to October 15, 1998 (*see generally Dolan v Dolan,* 78 NY2d 463; *Majauskas v Majauskas,* 61 NY2d 481).

However, the matter must be remitted for a new determination on the amount of pension arrears, as the Supreme Court failed to address the plaintiff's contention that he was entitled to a credit for the defendant's share of the income taxes which he paid on the pension benefits since October 15, 1998. The plaintiff presented evidence from which the Supreme Court could have determined the tax consequences (*see De La Torre v De La Torre,* 183 AD2d 744; Domestic Relations Law § 236 [B] [5] [d] [10]; *cf. Chase v Chase,* 208 AD2d 883).

In addition, a hearing is required with respect to the plaintiff's contention that his monthly payments of $1,500 to the defendant beginning in March 1999 were intended by the parties to constitute her share of his monthly pension benefits, rather than voluntary payments for the benefit of the children (*see Lefkow v Lefkow,* 188 AD2d 589), and that these payments should be credited against pension arrears. Accordingly, the provision in the judgment which awarded pension arrears of $27,737.40 since October 15, 1998, is deleted.

In view of the decision in *DeLuca v DeLuca* (97 NY2d 139), which was decided after the judgment was issued in the case at bar, the matter is remitted to the Supreme Court for a determination of the defendant's equitable share of the plaintiff's benefits from the Police Superior Officers' Variable Supplements Fund.

Finally, we have modified the judgment to reflect the parties' agreement, in open court, to sell the marital residence and to divide the net proceeds equally (*see* CPLR 2104; *Burger v Holzberg,* 290 AD2d 469; *Lafferty v Lafferty,* 256 AD2d 445). O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.