■ CHAIM SIEGER, Respondent, v HELEN SIEGER, Appellant.
[859 NYS2d 240]—

In an action for a divorce and ancillary relief, the defendant former wife appeals, as limited by her brief, from (1) so much of an amended judgment of the Supreme Court, Kings County (Sunshine, J.), dated April 17, 2007, as directed her to pay to the plaintiff former husband a distributive award in the sum of $8,497,919, and (2) stated portions of an order of the same court dated August 17, 2007, which, inter alia, denied those branches of her motions which were, in effect, to reopen the trial for the presentation of additional evidence or, alternatively, to vacate the amended judgment.

Ordered that the amended judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

On a prior appeal, this Court remitted this matter to the Supreme Court, Kings County, for a decision setting forth with specificity the calculations employed and the basis therefor relating to the valuation of the Kingsbridge Heights Rehabilitation & Care Center, Inc. (hereinafter Kingsbridge), a business which was held in the defendant's name (*see Sieger v Sieger*, 37 AD3d 585, 588 [2007]). Contrary to the defendant's contentions, there is no basis to disturb the Supreme Court's valuation of Kingsbridge as set forth in the amended judgment. It is well-established that the determination of the value of business interests is a function properly within the fact-finding power of the court (*see Amodio v Amodio*, 70 NY2d 5 [1987]; *Daddino v Daddino*, 37 AD3d 518, 519 [2007]; *Miness v Miness*, 229 AD2d 520, 521 [1996]). Where the determination as to the value of a business is within the range of the testimony presented, it will not be disturbed on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques (*see Levine v Levine*, 37 AD3d 550, 552 [2007]; *Bernstein v Bernstein*, 18 AD3d 683, 684 [2005]). Here, the Supreme Court's valuation primarily rested upon the methodology utilized by the court-appointed neutral appraiser with certain adjustments based

upon testimony from other witnesses. Additionally, on remittitur from this Court, the Supreme Court adequately addressed this Court's concerns regarding the valuation (*see Sieger v Sieger*, 37 AD3d 585 [2007]).

The Supreme Court determined that all funds held in Kingsbridge bank accounts were marital assets, based upon a finding that these funds were the defendant's undistributed profits from Kingsbridge, and selected valuation dates for these accounts preceding the date of commencement of this action. As the defendant correctly contends, these accounts should have been valued as of the date of commencement of this action (*see* Domestic Relations Law § 236 [B] [4] [b]; *D'Angelo v D'Angelo*, 14 AD3d 476, 476-477 [2005]; *see also Weissman v Weissman*, 8 AD3d 264, 265 [2004]; *Wahl v Wahl*, 277 AD2d 445, 446 [2000]). Moreover, certain funds held in these accounts properly belonged to Kingsbridge to fund its business operating expenses, which funds would not be distinct marital assets subject to equitable distribution. Consequently, we remit the matter to the Supreme Court, Kings County, for a hearing solely for the purpose of determining the value of the Kingsbridge bank accounts as of the date of commencement of this action and the extent to which the funds held in these accounts represent the defendant's undistributed earnings which would be subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]) and for the entry of a second amended judgment thereafter.

The Supreme Court providently exercised its discretion in denying those branches of the defendant's untimely motions, inter alia, to reopen the trial, filed approximately two years after the close of evidence in the 2004 divorce trial and the issuance of the court's memorandum decision (*see Matter of Radisson Community Assn., Inc. v Long*, 28 AD3d 88, 91-92 [2006]; *Shapiro v Shapiro*, 151 AD2d 559, 560-561 [1989]; CPLR 4405). To the extent those branches of her motions were construed to be motions to vacate pursuant to CPLR 5015, they were properly denied. In order to vacate a judgment pursuant to CPLR 5015 (a) (2) on the grounds of newly-discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence (*see Matter of State Farm Ins. Co. v Colangelo*, 44 AD3d 868 [2007]; *Matter of Gartmond v Conway*, 40 AD3d 1094, 1095 [2007]; *Reed v Reed*, 13 AD3d 602, 603 [2004]; *Kleet Lbr. Co., Inc. v Saw Horse Remodelers, Inc.*, 13 AD3d 414, 415 [2004]). In this regard, the record indicates that the defendant possessed the evidence for several years before making the motions and, therefore, the evidence cannot be characterized as newly discovered.

Under the circumstances of this case, the defendant also failed to establish the existence of fraud, misrepresentation, or other misconduct by the plaintiff sufficient to entitle her to vacatur of the judgment of divorce (*see* CPLR 5015 [a] [3]; *Mohrmann v Lynch-Mohrmann*, 24 AD3d 735, 736 [2005]; *Badgett v Badgett*, 2 AD3d 379 [2003]). Additionally, a party seeking relief from a judgment pursuant to CPLR 5015 (a) (3) is required to make the motion within a reasonable time (*see Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]; *Richardson v Richardson*, 309 AD2d 795, 796 [2003]). Here, the defendant was aware of the plaintiff's alleged misconduct in 2000 and waited until 2007 to file the motion. Consequently, her delay was unreasonable.

The defendant's remaining contentions are without merit. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.