■ LORRAINE PERITORE, Respondent, v FRANK PERITORE, Appellant. [888 NYS2d 72]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Ross, J.), entered February 13, 2008, which, upon a decision of the same court (Friedenberg, J.H.O.) dated September 28, 2007, made after a nonjury trial, inter alia, awarded the plaintiff a 40% interest in the value of his dental practice, deducted $7,585 from the value of the plaintiff's pension for tax consequences, failed to award him a credit, for purposes of equitable distribution, for the sum he paid for repair and maintenance of the parties' boat during the pendency of the action, and failed to treat the wife's increase in income over the course of the marriage as an enhanced earning capacity subject to equitable distribution.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, (1) by deleting from the fifth decretal paragraph thereof the words "forty percent (40%) interest in the value of the defendant's dental practice, determined to be the sum of $93,200.00" and substituting therefor the words "fifteen percent (15%) interest in the value of the defendant's dental practice, determined to be the sum of $34,950.00," (2) by deleting from the sixth decretal paragraph thereof the words "minus $7,585.00 payable in Federal and State taxes resulting in a net entitlement to the defendant of $22,757.00," (3) by deleting from the sixth decretal paragraph thereof the term "$93,000.00" and substituting therefor the term "$34,950.00," and (4) by deleting from the twelfth decretal paragraph thereof the words "the Defendant owes to the Plaintiff the net sum of $30,449.00 which shall be deducted from the Defendant's one half share of the net proceeds of the

sale of the marital residence and paid to the Plaintiff at the time of the closing. If the Defendant elects to purchase the Plaintiff's one half share of the marital residence, he shall pay the sum of $30,449.00 to the Plaintiff as part of the cost of sale in addition to the agree price for her share of the premises" and substituting therefor the words "the Plaintiff owes to the Defendant the net sum of $35,800.00 which shall be deducted from the Plaintiff's one half share of the net proceeds of the sale of the marital residence and paid to the Defendant at the time of the closing. If the Defendant elects to purchase the Plaintiff's one half share of the marital residence, the sum of $35,800.00 shall be deducted from the total sum paid by the Defendant to the Plaintiff for that purpose;" as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The parties were married on October 22, 1988; there are no children of the marriage. The plaintiff commenced this action for a divorce and ancillary relief in November 2004. The defendant appeals from stated portions of the judgment of divorce.

The defendant's contention that the Supreme Court erred in its calculation of the value of his dental practice is without merit. The determination of the value of business interests is a function properly within the fact-finding power of the court (see Amodio v Amodio, 70 NY2d 5 [1987]; Sieger v Sieger, 51 AD3d 1004 [2008]; Daddino v Daddino, 37 AD3d 518, 519 [2007]; Miness v Miness, 229 AD2d 520, 521 [1996]). Where that determination as to the value of a business is within the range of the testimony presented, it will be accorded deference on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques (see Sieger v Sieger, 51 AD3d 1004 [2008]; Levine v Levine, 37 AD3d 550, 552 [2007]; Bernstein v Bernstein, 18 AD3d 683, 684 [2005]). Here, the Supreme Court's valuation primarily rested upon the methodology favored by both the court-appointed neutral appraiser and the defendant's appraiser, with certain adjustments based upon testimony from these experts and the defendant. Contrary to the defendant's contention, no basis exists to disturb the trial court's finding that the court-appointed business evaluator was, in most respects, more credible than the defendant's expert business appraiser (see Levine v Levine, 37 AD3d at 552).

However, the defendant is correct that the court improvidently exercised its discretion in awarding the plaintiff a distributive share of 40 percent of the defendant's dental practice. " 'Although in a marriage of long duration, where both parties have made significant contributions to the marriage, a division of marital assets should be made as equal as possible . . . there is

no requirement that the distribution of each item of marital property be made on an equal basis' " (*Griggs v Griggs,* 44 AD3d 710, 713 [2007], quoting *Chalif v Chalif,* 298 AD2d 348, 349 [2002]). Under the particular circumstances of this case, where the plaintiff successfully embarked on her own full-time career and made only indirect contributions to the defendant's dental practice, the award to the plaintiff of 40 percent of the value of the defendant's practice should be reduced to 15 percent (*see Wagner v Dunetz,* 299 AD2d 347, 349 [2002]; *Granade-Bastuck v Bastuck,* 249 AD2d 444 [1998]).

Contrary to the defendant's contention, the Supreme Court properly rejected his claim that the plaintiff removed jewelry and furniture from the marital home. The trial court, which had the opportunity to view the demeanor of the witnesses, was in the best position to gauge their credibility (*see Varga v Varga,* 288 AD2d 210, 211 [2001]; *Diaco v Diaco,* 278 AD2d 358, 359 [2000]; *Ferrugiari v Ferrugiari,* 226 AD2d 498 [1996]). The court was not required to accept the photographs proffered by the defendant as conclusive proof that the plaintiff removed the depicted items from the marital residence (*see Schneider v Schneider,* 40 AD3d 956, 957 [2007]; *Koeth v Koeth,* 309 AD2d 786, 786-787 [2003]).

Additionally, given its credibility determinations, the court did not improvidently exercise its discretion in failing to award the defendant a credit, for purposes of equitable distribution, for the sum he paid for repair and maintenance of the parties' boat during the pendency of the action.

"This court has recognized that the value of a pension should be discounted by the amount of income tax required to be paid by a party where the party seeking the discount presented some evidence from which the court could have determined the dollar amount of the tax consequences" (*De La Torre v De La Torre,* 183 AD2d 744, 745 [1992]; *see* Domestic Relations Law § 236 [B] [5] [d] [10]; *Johnson v Johnson,* 297 AD2d 279, 281 [2002]; *Chase v Chase,* 208 AD2d 883, 884 [1994]; *Gluck v Gluck,* 134 AD2d 237, 239 [1987]). Since the plaintiff did not present any evidence to establish the dollar amount of the tax consequences to the value of her pension, the court erred in considering this factor and in deducting $7,585 from the defendant's distributive award of the plaintiff's pension (*see Chase v Chase,* 208 AD2d 883, 884 [1994]; *De La Torre v De La Torre,* 183 AD2d 744, 745 [1992]; *Gluck v Gluck,* 134 AD2d 237, 239 [1987]; *Farsace v Farsace,* 97 AD2d 951, 952 [1983]; *cf. Johnson v Johnson,* 297 AD2d 279, 281 [2002]).

The Supreme Court did not err in rejecting the defendant's

claim that the plaintiff's increased earnings over the course of the marriage constituted a marital asset subject to equitable distribution (*see Fruchter v Fruchter,* 29 AD3d 942, 944 [2006]; *Spence v Spence,* 287 AD2d 447, 448 [2001]).

The defendant's remaining contention is without merit. Skelos, J.P., Belen, Hall and Lott, JJ., concur.