■ LORETTA MISTRETTA, Respondent, v PETER MISTRETTA, Appellant. [28 NYS3d 896]—

Appeal from a judgment of divorce of the Supreme Court, Suffolk County (Santorelli, J.), entered January 16, 2014. The judgment of divorce, insofar as appealed from, upon an amended decision of the same court dated November 1, 2013, made after a nonjury trial, determined that certain premises are marital property subject to equitable distribution and

directed the sale of those premises, with the parties to share equally in any net proceeds or deficiency from such sale.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant were married in 1991 and lived together at the subject premises during the marriage. In 1996, the defendant's mother deeded the subject premises to him. In 2010, the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court conducted an inquest and determined that the plaintiff was entitled to a divorce on the ground of constructive abandonment.

At a trial on the issue of whether the subject premises are marital property subject to equitable distribution, the defendant claimed that the subject premises were a gift from his mother, and therefore constituted separate property. However, he acknowledged that, for many years, he paid his mother $500 per month "rent." The defendant and his sister both acknowledged that rental income from the subject premises was paid to the defendant's mother pursuant to a written agreement between the defendant and his mother, which is included in the record.

In an amended decision after trial, later incorporated in the judgment of divorce, the Supreme Court determined that the subject premises are marital property subject to equitable distribution and directed the sale of the premises, with the parties to share equally in any net proceeds or deficiency from such sale.

Under the Domestic Relations Law, "marital property" means "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, *regardless of the form in which title is held*" (Domestic Relations Law § 236 [B] [1] [c] [emphasis added]; *see Raviv v Raviv*, 153 AD2d 932, 933 [1989]), but does not include "separate property," which the Domestic Relations Law defines as, inter alia, "property acquired by bequest, devise, or descent, or gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]). Here, the defendant failed to rebut the presumption that the subject premises, which he acquired during the marriage and prior to the commencement of this divorce action for consideration which was in fact paid during the marriage, were marital property (*see Raviv v Raviv*, 153 AD2d at 933; *Lischynsky v Lischynsky*, 120 AD2d 824, 826-827 [1986]; *cf. Allen v Allen*, 263 AD2d 691, 692 [1999]). Moreover, under the circumstances, the Supreme Court providently exercised its discretion

in directing the sale of the subject premises with the parties to share equally in any net proceeds or deficiency from such sale (*see* Domestic Relations Law § 236 [B] [5] [c], [d]; *Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]; *Miller v Miller*, 128 AD2d 844, 845 [1987]; *see also Price v Price*, 69 NY2d 8, 14-15 [1986]). Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.