Commonwealth Land Title Ins. Co. v Islam (2023 NY Slip Op 05119)

Commonwealth Land Title Ins. Co. v Islam

2023 NY Slip Op 05119

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-03970
 (Index No. 702988/15)

[*1]Commonwealth Land Title Insurance Company, appellant, 
v
Mohammad Islam, et al., defendants.

Fidelity National Law Group, New York, NY (Adam B. Kaplan of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 27, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were, in effect, to reopen an inquest for the presentation of additional evidence and for an award of damages in the sum of $437,288.01.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and those branches of the plaintiff's motion which were, in effect, to reopen the inquest for the presentation of additional evidence and for an award of damages in the sum of $437,288.01 are granted.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for unjust enrichment. The complaint alleged, among other things, that the plaintiff wrote a loan policy of title insurance for the benefit of the mortgage lender on a property purchased in 2008 by the defendant Ahmad Bostani from the defendant Mohammad Islam. It is further alleged that, upon learning that Bostani's mortgage and deed were never recorded and that Islam had subsequently reconveyed the property to another entity, the insured submitted a claim under the policy, which the plaintiff paid. In 2017, the Supreme Court granted the plaintiff's unopposed motions for leave to enter a default judgment against each defendant.
On February 27, 2018, the Supreme Court held an inquest on the issue of damages. Business records were introduced into evidence, through the plaintiff's witness, which reflected that the plaintiff paid $430,000 on the insurance claim involving Bostani as a borrower, and that the plaintiff had incurred $7,288.01 in litigation expenses in connection with that insurance claim. In response to a series of questions posed by the court, the plaintiff's witness testified that the plaintiff was in possession of additional records relating to the subject insurance claim, including, among other things, records reflecting that the payee on the claim check was the insured's successor in interest, but the plaintiff did not have such records in its possession to introduce into evidence at the inquest. At the conclusion of the inquest, the court issued a decision on the record denying the plaintiff's request for damages "without prejudice." The court stated, inter alia, that the plaintiff was permitted "to try again" but would "have to serve defendants again with respect to damages."
On October 10, 2019, the plaintiff moved, by notice of motion served upon the [*2]defendants, inter alia, in effect, to reopen the inquest and for an award of damages in the sum of $437,288.01. In support of the motion, the plaintiff submitted, among other things, an affidavit from a representative of the plaintiff, annexing copies of the documents from the plaintiff's records which the Supreme Court had inquired about at the inquest, and which had been previously submitted in support of the plaintiff's motions for leave to enter a default judgment against each defendant. The motion was unopposed. By order entered April 27, 2020, the court, inter alia, denied those branches of the plaintiff's motion, and the plaintiff appeals.
"A defaulting defendant 'admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'" (Castaldini v Walsh, 186 AD3d 1193, 1194, quoting Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; Dominguez v Malecon Shipping, Inc., 211 AD3d 913, 914). In determining the proper measure of damages against a defaulting party, "[t]he court, with or without a jury, may make an assessment or take an account or proof, or may direct a reference" (CPLR 3215[b]; see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572; see also 21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1217-1220). "In an inquest to ascertain damages upon a default, pursuant to CPLR 3215, if the defaulting party fails to appear in person or by representative, the party entitled to judgment . . . may be permitted to submit . . . properly executed affidavits as proof of damages" (22 NYCRR 202.46[a]; see CPLR 3215[b], [f]; Castaldini v Walsh, 186 AD3d at 1194).
"A trial court, in the exercise of its discretion and for sufficient reasons, may allow a party to reopen and supply defects in evidence which have inadvertently occurred" (Matter of Dutchess County Dept. of Social Servs. v Shirley U., 266 AD2d 459, 460; see MRI Enters., Inc v Comprehensive Med. Care of N.Y., P.C., 122 AD3d 595, 596; Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501). Such discretion, however, should be exercised sparingly (see Cafferata v Cafferata, 165 AD3d 878, 878). "When a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted" (Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d at 501; see Lieberman-Massoni v Massoni, 146 AD3d 869, 869; Sweet v Rios, 113 AD3d 750, 752).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was, in effect, to reopen the inquest in order to permit the plaintiff to submit what the court had indicated was crucial evidence (see Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d at 501; Lindenman v Kreitzer, 7 AD3d 30, 32-33). Moreover, there was no evidence that the defendants would be prejudiced (see Matter of Dutchess County Dept. of Social Servs. v Shirley U., 266 AD2d at 460). Although the plaintiff's motion was not made in a timely fashion, a factor which ordinarily weighs against granting such relief (see Seiger v Seiger, 51 AD3d 1004, 1005; Shapiro v Shapiro, 151 AD2d 559, 560-561), the record here reflects that the delay may have been due in part to the plaintiff's confusion regarding the court's directive as to how to proceed (see generally Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 889 n 2). Under the totality of the circumstances, the court should have granted that branch of the plaintiff's motion which was, in effect, to reopen the inquest to present additional evidence (see MRI Enters., Inc. v Comprehensive Med. Care of N.Y., P.C., 122 AD3d at 596; see also Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d at 501).
Moreover, the evidence submitted by the plaintiff, including the copy of the check paying the insurance claim which formed the basis of this action, and expense reports related to the insurance claim and ensuing litigation with third parties (see generally Hermann v Bahrami, 236 AD2d 516, 516), was sufficient to establish the plaintiff's entitlement to damages in the amount of $437,288.01.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court