Ward v Eldon
2026 NY Slip Op 03999
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jonice E. Ward, appellant,
v
Henry Eldon, defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-12073, (Index No. 505559/20)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Stephen A. Katz, P.C., New York, NY, for appellant.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated September 25, 2024. The order denied the plaintiff's motion, in effect, to reopen an inquest for the presentation of additional evidence.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. In an order dated July 1, 2021, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant. At an inquest held on June 28, 2022, the court determined that the plaintiff failed to establish any damages. In March 2024, the plaintiff moved, in effect, to reopen the inquest for the presentation of additional evidence. In an order dated September 25, 2024, the court denied the motion. The plaintiff appeals.
"A trial court, in the exercise of its discretion and for sufficient reasons, may allow a party to reopen and supply defects in evidence which have inadvertently occurred" (Commonwealth Land Title Ins. Co. v Islam, 220 AD3d 739, 741 [internal quotation marks omitted]; see Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501). Such discretion, however, should be exercised sparingly (see Commonwealth Land Title Ins. Co. v Islam, 220 AD3d at 741; Cafferata v Cafferata, 165 AD3d 878, 878). "When a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted" (Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d at 501; see Commonwealth Land Title Ins. Co. v Islam, 220 AD3d at 741). "[A]n untimely motion to reopen should be denied, especially when such motion is made after the court rules on the relevant issue, the movant fails to disclose the nature of the omitted evidence[,] and the evidence sought to be introduced is not newly discovered" (Shapiro v Shapiro, 151 AD2d 559, 560-561 [citation omitted]; see Sieger v Sieger, 51 AD3d 1004, 1005).
Here, the plaintiff moved, in effect, to reopen the inquest nearly two years after the inquest. Additionally, the plaintiff failed to make a sufficient offer of proof as to the nature of the evidence she intended to present. Moreover, although she asserted that she had subpoenaed relevant documents, the evidence she sought to present was not newly discovered. Thus, contrary to the plaintiff's contentions, the Supreme Court did not improvidently exercise its discretion by denying her motion, in effect, to reopen the inquest (see Sieger v Sieger, 51 AD3d at 1005; Shapiro v Shapiro, 151 AD2d at 560).
The plaintiff's remaining contentions are not properly before this Court.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court